The petitioner, James Michael Williams, seeks review of a judgment of the Alabama Court of Criminal Appeals affirming the dismissal of his petition for post-conviction relief.
Williams was convicted of first degree rape and second degree kidnapping. He was sentenced to 30 years' imprisonment for the rape and 8 years' imprisonment for the kidnapping, those sentences to run concurrently.
Williams appealed his convictions to the Court of Criminal Appeals, which affirmed them. Williams v. State, 535 So.2d 225
(Ala.Crim.App. 1988). Thereafter, Williams filed a petition for post-conviction relief pursuant to Rule 20, Ala.R.Cr.P.Temp., which was applicable when he made his motion. The trial court dismissed the petition, and Williams appealed that dismissal to the Court of Criminal Appeals. That court affirmed, without opinion.
Williams applied for a rehearing, which was denied on April 11, 1991. Williams then prepared a petition for writ of certiorari, which was received by this Court on April 29, 1991, four days after the deadline for filing. This petition had been mailed with the United States Postal Service, but not by certified, express, or registered mail. Pursuant to Rule 25, A.R.App.P., "[p]apers required or permitted to be filed in an appellate court" must be received within the time period set by law even if mailed, except that where the papers are mailed by United States express, certified, or registered mail, they are deemed to have been filed on the day of mailing. Thus, papers so mailed are timely so long as they are mailed within the time prescribed for filing; papers not mailed by United States express, certified, or registered mail are deemed filed upon receipt. Ala.R.App.P. 25.
Williams states that he tendered his petition to prison officials to be mailed within the time prescribed by law for filing. Also, Williams has filed with this Court two statements from other persons to this effect.
Williams does not have access to a United States post office. Prison authorities will place items in the mail for him, but he has no guarantee as to when a paper will actually be mailed, and prison officials are not required to provide express, certified, or registered mail service for him. Finally, it is obvious that Williams could not hand deliver his petition.
Based on these considerations and the analysis to follow, we determined that Williams's petition for the writ of certiorari was timely filed and we granted the petition.
We are not persuaded that Rule 25 is to be rigidly interpreted in the situation of a pro se prisoner who, by the circumstances of his incarceration, has a particular lack of control over papers to be mailed to the clerk of this Court. The Committee Comments to Ala.R.App.P. 1, which defines the scope of our appellate rules, state that "it is the policy of these rules to disregard technicality and form in order that a just, speedy and inexpensive determination of every appellate proceeding on its merits may be obtained." To rigidly interpret Rule 25 in this instance would be unjust and, therefore, would not foster this policy.
Confronted with a similar situation, the United States Supreme Court in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379,101 L.Ed.2d 245 (1988), determined that a notice of appeal from a pro se prisoner must be deemed "filed" under the federal appellate rules when the notice is properly placed in the hands of prison authorities. The Court reasoned:
 "The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps *Page 571 
their notices of appeal before the . . . deadline. Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se
prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service . . . and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it. Pro se prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them. Worse, the pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the pro se prisoner delivers his notice to the prison authorities, he can never be sure that it will ultimately get stamped 'filed' on time. And if there is a delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it, for his confinement prevents him from monitoring the process sufficiently to distinguish delay on the part of prison authorities from slow mail service or the court clerk's failure to stamp the notice on the date received. Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access — the prison authorities — and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice."
487 U.S. at 270-72, 108 S.Ct. at 2382-83.
We agree with the reasoning in Houston v. Lack and hold that under Rule 25 a pro se prisoner's filings shall be deemed filed upon the prisoner's tendering them to prison officials. Rule 25, taken in context of the goals of the Alabama Rules of Appellate Procedure and given the compelling grounds discussed above, is flexible enough to allow a paper to be deemed filed upon its proper receipt by a prison official.
We now turn to Williams's substantive arguments.
Williams argues that the Court of Criminal Appeals erred in affirming the dismissal of his petition for post-conviction relief pursuant to Rule 20, Ala.R.Cr.P.Temp. Williams states that he was wrongfully denied an evidentiary hearing on his Rule 20 petition, and that, because he was entitled to a hearing, the trial court erred in dismissing the petition. See,Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala. 1985).
Rule 20 provides, in pertinent part, that one can obtain post-conviction relief where:
 "(e) Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:
 "(1) the facts relied upon were not known by petitioner or his counsel at the time of trial or sentencing or in time to file a post-trial motion . . ., or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and
 "(2) the facts are not merely cumulative to other facts that were known; and
 "(3) the facts do not merely amount to impeachment evidence; and
 "(4) if the facts had been known at the time of trial or sentencing, the result would probably have been different; and
 "(5) the facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did." *Page 572 
Williams brought his petition under the foregoing provisions. (See Rule 32, A.R.Cr.P., for the provisions currently applicable to post-conviction petitions.) He alleged specific newly discovered facts, which, he says, require either that his sentence be vacated or that his conviction be vacated and a new trial ordered, because, he says, these facts show 1) that he was denied effective assistance of trial counsel; 2) that he was denied effective assistance of appellate counsel; 3) that he was denied due process by error on the trial court's part with respect to jury charges; 4) that he was wrongly convicted; 5) that he was subjected to double jeopardy by the trial court's failure to quash the indictments against him as defective; and 6) that the prosecution wrongfully withheld exculpatory evidence.
Temporary Rule 20 is not a substitute for an appeal, nor does it afford one an additional, de facto, appeal. Temporary Rule 20.2(a)(3) and (5) expressly provide that one may not seek post-conviction relief under Rule 20 where the issue "could have been" but was not raised at trial or on appeal, subject to an exception where the issue relates to whether the trial court had jurisdiction to render judgment or impose the sentence.
Rule 20.7(d) provides that a trial court may summarily dismiss a Rule 20 petition if the petition is not sufficiently specific, is expressly barred under the Rule, or fails to state a claim, or if "no material issue of fact or law exists which would entitle the petitioner to relief . . . and . . . no purpose would be served by any further proceedings." (Emphasis added.)
In the present case, Rule 20.2(a)(3) and (5) bar Williams from seeking redress on his claims that he was denied due process, that he was subjected to double jeopardy, and that the prosecution withheld exculpatory evidence. It is evident from the face of his petition and his brief that, with the due diligence required under Rule 20.1(e)(1), he could have known of these matters and could have raised them on his first appeal.
For example, on the claim that the prosecution withheld exculpatory evidence, Williams cites situations that he indicates occurred during trial. He says that some witnesses offered trial testimony that was self-conflicting. He says that the prosecution did not establish at trial a chain of custody for a rape kit and that less than an entire statement of a witness was read into evidence. He makes numerous other allegations regarding things that, like these, were or should have been apparent to Williams on his first appeal. Moreover, none of these allegations, if true, implies that the prosecution withheld exculpatory evidence from his attorney.
On the due process issue, Williams complains about jury charges. On the double jeopardy issue, he complains about the trial court's refusal to quash the indictments against him. Clearly, these matters were or should have been apparent to Williams at the time of his first appeal. Therefore, on the face of these claims, there appears a lack of the due diligence required under Rule 20.1(e)(1), and they are, therefore, barred under Rule 20.7(d), which permits a summary dismissal of such claims.
Williams's remaining claims were based on allegations of ineffective assistance of trial and appellate counsel and newly discovered evidence, which he says shows that he was wrongly convicted. It does not appear from the face of these claims that they are barred by Rule 20.
However, the State asserts that the trial judge could have based its dismissal on his own knowledge of the case, garnered while presiding at trial. Indeed, the Court of Criminal Appeals has so held. McConico v. State, 522 So.2d 331 (Ala.Cr.App. 1988). However, there is nothing before us to indicate that the trial judge did draw on his own knowledge in this case. The trial judge did not state the facts or matters underlying the dismissal. Moreover, we cannot find, from what is before us for review, any matter that would indicate a valid basis for the trial court's dismissal on these claims.
The state concludes, without elaboration or citation to any appellate record or filing in this case, that these claims either were or should have been brought up in a previous *Page 573 
proceeding; the court's order of dismissal states no facts supporting such a conclusion, and the order does not offer this conclusion.
We conclude that the claims relating to effective assistance of counsel and newly discovered evidence were not expressly barred by Rule 20.
Where such claims appear meritorious on the face of the petition, the court must conduct an evidentiary hearing. SeeEx parte Boatwright, 471 So.2d 1257, 1258 (Ala. 1985). A petition is meritorious on its face if "it contains matters and allegations (such as ineffective assistance of counsel) which, if true, entitle the petitioner to relief." Id.
Here, Williams has made detailed claims relating to ineffective assistance of counsel and newly discovered evidence that, he says, show that he was wrongly convicted. The state did not take issue with the facts alleged by Williams, but responded to his claims by filing a motion to dismiss, arguing that the claims were barred under Rule 20.
The factual allegations underlying these claims must be reviewed by this Court as true, because they are not refuted by the state. Glover v. State, 531 So.2d 705 (Ala.Cr.App. 1988).
As to those claims, the judgment the Court of Criminal Appeals is reversed and this cause is remanded to that court with directions to remand to the trial court for an evidentiary hearing. As to the claims regarding due process, the withholding of exculpatory evidence, and double jeopardy, we deem these to have been properly dismissed and, as to these claims, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON and INGRAM, JJ., concur.