This is an appeal from the summary denial of the appellant's petition for post-conviction relief under Rule 32, A.R.Crim.P. *Page 374 
In 1988, the appellant was convicted of pharmacy robbery and sentenced to life imprisonment. On direct appeal, this court affirmed that conviction without published opinion. Holland v.State, 555 So.2d 1200 (Ala.Cr.App. 1989). The Alabama Supreme Court denied a petition for writ of certiorari, and the certificate of final judgment was issued by this Court on March 23, 1990. R. 6.
In 1992, the appellant, pro se, filed a 356-page handwritten petition for post-conviction relief. The petition alleged two grounds for relief: (1) that the circuit court did not have subject matter jurisdiction of the appellant's trial, and (2) that the appellant was denied the effective assistance of counsel at trial and on appeal.
The attorney general argues that the petition was filed beyond the period of limitations set out in Rule 32.2(c), which provides that a petition alleging an ineffectiveness of counsel claim must be filed "within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, A.R.App.P." Rule 32 sets out no period of limitations for a claim that "[t]he court was without jurisdiction to render judgment or impose sentence." See Rule 32.2(c) and Rule 32.1(b).
The following sequence of events is relevant here:
 March 19, 1992 — Appellant's certificate of service recites that he "placed said petition and two copies of same in the U.S. Mail, postage prepaid." R. 262.
 March 24, 1992 — The appellant's petition was stamped "filed" by the Mobile Circuit Clerk's office. R. 7, 262.
 April 30, 1992 — The circuit court summarily denied the petition. R. 7.
 June 5, 1992 — The appellant filed notice of appeal. R. 7.
 July 8, 1992 — The Mobile District Attorney's office filed a response to the petition. The response generally denied all the allegations in the petition, and claimed further that those allegations had been raised and addressed at trial or on appeal. R. 368-69.
 The trial court adopted the District Attorney's response in a written order denying the petition and dated that order April 30, 1992. R. 370.
Initially, we note that the district attorney's response to the appellant's petition was untimely. The State filed a response to the petition on July 8, 69 days after the circuit court had denied the petition and three days after the appellant had filed a notice of appeal. Rule 32.7, A.R.Crim.P., requires that "[w]ithin thirty (30) days after the service of the petition, or within the time otherwise specified by the court, the district attorney . . . shall file with the court and send to the petitioner . . . a response." We further note that the district attorney's response did not raise any ground of preclusion based upon the period of limitations.
We hold that the petition for post-conviction reliefwas timely filed. The appellant's certificate of service averred that he placed the petition in the mail on March 19, four days before the limitations period elapsed. Although the petition may not have been received by the circuit clerk until March 24, one day after the statute of limitations ran, we conclude, based on the holding of Houston v. Lack,487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), that the appellant's petition was timely filed. See also Fallen v.United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760
(1964).
In Houston v. Lack, the Supreme Court held that delivery to prison authorities of a pro se notice of appeal from the denial of a habeas petition by an incarcerated petitioner constitutes "filing" within the meaning of Rule 4(a)(1), F.R.App.P. The Court observed:
 "The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30-day deadline. Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received *Page 375 
the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service (or a private express carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date that the court received it. Pro se prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them. Worse, the pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the pro se
prisoner delivers his notice to the prison authorities, he can never be sure that it will ultimately get stamped 'filed' on time. And if there is a delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it, for his confinement prevents him from monitoring the process sufficiently to distinguish delay on the part of prison authorities from slow mail service or the court clerk's failure to stamp the notice on the date received. Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access — the prison authorities — and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice."
Houston v. Lack, 487 U.S. at 270-72, 108 S.Ct. at 2382-83
(emphasis in original). Following Houston v. Lack, we hold that a pro se incarcerated petitioner "files" a Rule 32 petition when he hands the petition over to prison authorities for mailing. In this case, we do not have the prison mail log before us. We cannot verify that the appellant in fact delivered his petition to prison authorities for mailing on March 19, four days before the limitations period elapsed, as his certificate of service avers. However, the district attorney failed to challenge this allegation in the circuit court and, consequently, it must be accepted as true. Ex parteFloyd, 457 So.2d 961, 962 (Ala. 1984).
The appellant's claims alleging ineffectiveness of counsel could not, as the State's belated answer maintains, have been raised or addressed at trial or on appeal. See Ex parteBesselaar, 600 So.2d 978 (Ala. 1992); Ex parte Jackson,598 So.2d 895 (Ala. 1992). Those allegations are sufficiently specific that, if true, they entitle the appellant to relief. Therefore, we reverse the circuit court's denial of the appellant's petition and remand this cause for further proceedings. The court may require a response by the State as to each allegation of ineffectiveness of counsel before conducting an evidentiary hearing. In addition, "[i]f the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order." Sheats v. State,556 So.2d 1094, 1095 (Ala.Cr.App. 1989). The court shall submit written findings on the merits of each of the appellant's allegations in sufficient time to permit the circuit clerk to make a proper return to this court within 90 days of the release of this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur. *Page 376