This is an appeal from the denial of three petitions for post-conviction relief. In separate, but substantially identical, petitions the appellant, Raymond June Saxon Mims, challenges his 1990 convictions for rape, sodomy, and kidnapping. Those convictions were affirmed on direct appeal.Mims v. State, 591 So.2d 120 (Ala.Cr.App. 1991).[1]
The Alabama Supreme Court denied certiorari review on December 6, 1991, Mims, 591 So.2d at 120, and this Court issued a certificate of judgment on the same date. The three petitions for post-conviction relief were filed on December 29, 1993. C.R. 16, 39, 64. The petitions were dated, signed, and notarized on December 2, 1993. C.R. 38, 61, 86. The petitions contain no certificate of service.[2]
Furthermore, it appears that the appellant photocopied the form contained in the Appendix to Rule 32, A.R.Crim.P., but filed the copies of the form without completing all applicable sections. Significantly, question 18 on that form — "What date is this petition being mailed?" — is left unanswered in each of the appellant's three petitions. C.R. 37, 60, 85.
On January 5, 1994, the State filed a response to the petitions, asserting that relief was precluded under Rule 32.2(c), A.R.Crim. P., because "more than two years ha[d] elapsed since the date of the appellant's conviction[s]" and "since the affirmance of those convictions." C.R. 87. We note that Rule 32.2(c) provides that the two-year period of limitations, "[i]n the case of a conviction appealed to the Court of Criminal Appeals," is triggered by "the issuance of the certificate of judgment by the Court of Criminal Appeals."
On January 18, 1994, the appellant filed an answer to the district attorney's response. C.R. 89.
The circuit court denied the petition on January 20, 1994, with the following notation on the case action summary: "Petition for relief is Denied — barred by st. of limitations; Defense counsel performed in an exemplary manner." C.R. 1.
Also on January 20, 1994, the district attorney responded to the appellant's answer and agreed with the appellant that December 6, 1991 — the date the Alabama Supreme Court denied his petition for writ of certiorari — was the correct date on which the filing limitations period of Rule 32.2(c) began to run. C.R. 91. As we observed above, it is this Court's issuance of the certificate of judgment, not the Supreme Court's denial of certiorari review, that triggers the two-year *Page 621 
limitations period of Rule 32.2(c). In this case, however, the two dates are the same.
The appellant filed a "second answer to [the] district attorney's second response" on February 1, 1994, claiming that the petitions were actually mailed from his place of incarceration on December 3, 1993, C.R. 93, and also claiming that he gave the "Rule 32 Petition with appropriate postage to the Prison Mail Man on December 3, 1993, as evidenced by page 8 of Petitioner's Rule 32 petition," and that he had "no control over when the mail leaves the prison." C.R. 94. The allegations in the appellant's "second answer" are not verified in any manner. C.R. 96.
On February 22, 1994, the circuit court entered the following order: "Petitioner's 2nd answer read — no change in previous denial of petition." C.R. 2.
On this appeal, the appellant asserts that under Holland v.State, 621 So.2d 373 (Ala.Cr.App. 1993), his petitions must be considered as having been filed on the date they were mailed. In Holland, we held that a pro se prisoner's Rule 32 petition was timely filed where the "certificate of service averred that [the prisoner] placed the petition in the mail on March 19, four days before the limitations period elapsed." 621 So.2d at 374 (emphasis in original). Our holding in Holland was based onHouston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245
(1988), wherein the United States Supreme Court "held that delivery to prison authorities of a pro se notice of appeal from the denial of a habeas petition by an incarcerated prisoner constitutes 'filing' within the meaning of Rule4(a)(1), F.R.App.P." Holland, 621 So.2d at 374. See alsoWilliams v. State, 651 So.2d 569, 571 (Ala. 1992) ("under Rule 25, [A.R.App.P.,] a pro se prisoner's filings shall be deemed filed upon the prisoner's tendering them to prison officials"). While we adhere to our holding in Holland, the appellant has failed to offer any evidence of the date his petitions were either mailed or tendered to the proper prison official.
There is nothing in the record, other than the appellant's bare unverified assertion, to prove that the petitions were delivered to the "prison mail man" when claimed. Because the appellant's "second answer" was unverified and was not accompanied by any supporting affidavit, the bare allegations contained therein cannot be considered as evidence or proof of the facts alleged. " 'Assertions of counsel in an unverified motion . . . are bare allegations and cannot be considered as evidence or proof of the facts alleged.' " Daniels v. State,416 So.2d 760, 762 (Ala.Cr.App. 1982). See also Arnold v. State,601 So.2d 145, 154 (Ala.Cr.App. 1992). "Generally, parties acting pro se should be treated as parties represented by counsel are treated. . . . In particular, pro se litigants 'must comply with legal procedure and court rules.' " Boros v.Baxley, 621 So.2d 240, 243-44 (Ala.), cert. denied, ___ U.S. ___, 114 S.Ct. 563, 126 L.Ed.2d 463 (1993).
We therefore hold that the petitions were properly denied because they were barred by the two-year limitations period of Rule 32.2(c), A.R.Crim.P.
The judgment of the circuit court denying the petition for post-conviction relief is affirmed.
AFFIRMED.
All Judges concur.
[1] The appellant and his two accomplices were tried together. All three were convicted. The convictions of the appellant's accomplices were also affirmed on direct appeal. Williams v.State, 607 So.2d 321 (Ala.Cr.App. 1992); Maul v. State,598 So.2d 18 (Ala.Cr.App. 1992).
[2] This Court is well aware that there is no provision in Rule 32 requiring a certificate of service on a petition for post-conviction relief. Rule 32.6(a) provides in pertinent part: "Upon receipt of the petition and the filing fee, or an order granting leave to the petitioner to proceed in forma pauperis, the clerk shall file the petition and promptly send a copy to the district attorney."