On May 5, 1992, the trial court revoked Michael Lamar Powell's probation. Thereafter, Powell, pro se, filed a Rule 32, Ala.R.Crim.P., petition for relief from conviction or sentence, challenging the revocation of his probation; he also filed a request to proceed in forma pauperis, which the trial court denied. Powell appealed. The Court of Criminal Appeals dismissed the appeal with an unpublished memorandum, holding as follows:
 "The record shows that the court considered the petition and found that it was barred by the limitations period set out in Rule 32.2(c), Ala.R.Crim.P. Thus, any appeal from the court's denial of the motion to proceed in forma pauperis was rendered moot by the court's actions. Furthermore, the record reflects that the petition was filed outside the limitations period set forth in Rule 32.2."
Powell v. State, 668 So.2d 934 (Ala.Crim.App. 1994) (table of decisions without opinion).
Powell's application for rehearing was overruled and his Rule 39(k), Ala.R.App.P., motion was denied, without opinion. Powell petitioned for a writ of certiorari, arguing, among other things, that the Court of Criminal Appeals had incorrectly held that his Rule 32 petition was untimely filed. We granted the writ to consider the timeliness of Powell's Rule 32 petition.
Pursuant to Rule 32.2(c), Powell had 2 years and 42 days from the date of the revocation of his probation (May 5, 1992) to file a Rule 32 petition. Although the clerk's office stamped the petition as having been filed on June 21, 1994, Powell maintains that he "actually placed [the petition] in the hands of prison officials for mailing on June 15, 1994, one day before the two (2) year limitations period expired on June 16, 1994." Therefore, he says, based on the holding in Holland v.State, 621 So.2d 373, 375 (Ala.Crim.App. 1993), in which the Court of Criminal Appeals, following Houston v. Lack, *Page 1259 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), held that "a pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing," his petition was timely filed.
In its brief in opposition to Powell's petition, the state basically concedes that Powell filed his Rule 32 petition within the limitations period and that his request to proceed in forma pauperis should have been granted:
 "It may appear that [Powell] submitted adequate proof of indigency that would have warranted the trial court's allowing him to file his Rule 32 petition without paying a filing fee. Also, it seems that under authority of Holland v. State, 621 So.2d 373 (Ala.Crim.App. 1993), and in the absence of evidence disputing his claim that he gave the necessary documents, [the] Rule 32 petition and [the] in forma pauperis petition to prison authorities on June 15, 1994, [Powell's] petition may not have been barred by the [limitations provision of Rule 32]."
After reviewing the record, we hold that Powell's Rule 32 petition was not barred by the limitations provision of Rule 32. Therefore, Powell's appeal from the trial court's denial of his request to proceed in forma pauperis is not moot. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the case to that court with instructions for it to review the trial court's denial of the request to proceed in forma pauperis. Once it has decided that issue, it shall remand the case for the trial court to consider the grounds for relief raised in the Rule 32 petition.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, SHORES, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.