We granted this petition for the writ of certiorari to address one issue: Whether John Edward Jones timely filed his notice of appeal from the trial court's denial of his Rule 32, Ala. R. Crim. P., petition. Because we hold that Jones did timely file his notice of appeal, we reverse and remand.
 I.
Jones pleaded guilty to trafficking in cocaine. The trial court sentenced him to 15 years in prison. On February 21, 1996, Jones filed a Rule 32 petition with the trial court. After reviewing the arguments of the parties, the trial court denied the petition, by a written order, on February 5, 1997. On March 17, Jones handed his notice of appeal to a prison official at the Limestone Correctional Facility, where Jones was imprisoned. Jones paid to have the notice of appeal sent by certified mail. It was sent by certified mail, and on March 21 — the 44th day after the February 5 denial of the petition — the Tuscaloosa County circuit clerk's office received Jones's envelope containing his notice of appeal. The Court of Criminal Appeals dismissed Jones's appeal, by an unpublished memorandum, stating that Jones's notice of appeal was untimely. Jones v. State, (No. CR-96-1203)717 So.2d 903 (Ala.Crim.App. 1997) (table). We disagree.
 II.
Rule 4(b)(1), Ala.R.App.P., provides in pertinent part:
 "In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence. . . ."
(Emphasis added.) In the context of post-conviction relief, the 42-day appeal period runs from the date of the trial court's denial of the Rule 32 petition. Barfield v. State, 703 So.2d 1011, 1012 (Ala.Crim.App. 1997). The 42d day after the trial court's February 5, 1997, denial of Jones's Rule 32 petition was March 19. Relying on Holland v. State,621 So.2d 373 (Ala.Crim.App. 1993), Jones argues that his notice of appeal *Page 990 
should be deemed to have been "filed" on the day he gave the notice of appeal to the prison official, that is, on March 17 — the 40th day after the entry of judgment.
Although this Court has never addressed the issue of when an incarcerated pro se appellant's notice of appeal is considered "filed," in Ex parte Williams, 651 So.2d 569, 571 (Ala. 1992), we held "that under Rule 25[, Ala.R.App.P.,][1] a pro se prisoner's filings [with an appellate court] shall be deemed filed upon the prisoner's tendering them to prison officials." Further, in Ex parte Powell, 674 So.2d 1258 (Ala. 1995), this Court reasoned that a pro se incarcerated petitioner's filing of his Rule 32 petition was not barred by the limitations period of Rule 32, because he had given his petition to prison officials one day before the two-year limitations period expired. This Court, relying on the reasoning of the Supreme Court of the United States in Houston v. Lack,487 U.S. 266, 270-72 (1988), held that a pro se incarcerated petitioner "files" a Rule 32 petition when he hands the petition over to the prison authorities. Powell, 674 So.2d at 1259.
The record contains a copy of the envelope that contained Jones's notice of appeal. The envelope was sent by certified mail to the office of the Tuscaloosa County circuit clerk, and it was postmarked March 17, 1997 — two days before the 42-day period for appeal would have expired. Further, Jones's certificate of service for the notice of appeal was dated March 17. Thus, the record indicates that on or before March 17, Jones had given a prison official his notice of appeal to be mailed. Cf. Mims v. State, 650 So.2d 619, 621 (Ala.Crim.App. 1994) (holding that a mere unverified assertion by a prisoner that he timely gave his Rule 32 petition to prison officials is insufficient to show the date of filing). The circuit clerk's office received Jones's envelope on March 21. Because Jones was incarcerated and was filing his notice of appeal pro se, his notice of appeal should have been considered "filed" on March 17, the day he gave it over to the prison authorities.
The Court of Criminal Appeals erroneously dismissed Jones's appeal. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the case for that court to review on the merits Jones's appeal of the denial of his Rule 32 petition.
REVERSED AND REMANDED.*
Hooper, C.J., and Maddox, Almon, Shores, Houston, Kennedy, Cook, and Lyons, JJ., concur.
* Note from the reporter of decisions: On October 2, 1998, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion. On November 20, 1998, the Court of Criminal Appeals denied rehearing, without opinion. On May 12, 2000, the Supreme Court denied certiorari review, without opinion, docket no. 1980382.
[1] Rule 25, Ala.R.App.P., provides in pertinent part:
 "(a) Filing. Papers required or permitted to be filed in an appellate court shall be filed with the clerk. Filing may be accomplished by mail addressed to the clerk, but filing shall not be timely unless the papers are received by the clerk within the time fixed for filing, except that papers shall be deemed filed on the day of mailing if certified, registered, or express mail of the United States Postal Service is utilized."