On October 6, 1998, the appellant, Danny Ray Hatfield, pleaded guilty to assault in the second degree, a violation of § 13A-6-21, Ala. Code 1975, and to discharging a firearm into an occupied vehicle, a violation of § 13A-11-61, Ala. Code 1975. Hatfield was sentenced to 20 years' imprisonment for the second-degree assault conviction and to 10 years' imprisonment for the discharging-a-firearm-into-an-occupied-vehicle conviction. The sentences were to run concurrently.
On February 7, 2000, Hatfield filed a Rule 32, Ala.R.Crim.P., petition for postconviction relief. In his petition, Hatfield requested that the circuit court grant him an out-of-time appeal from his convictions for second-degree assault and discharging a firearm into an occupied vehicle. Hatfield alleged that his direct appeal of these convictions had been improperly dismissed. Hatfield stated in his petition that he was sentenced on October 6, 1998, that he mailed his notice of appeal on November 17, 1998, and that his appeal was improperly dismissed. The circuit court summarily dismissed the petition.
In Ex parte Jones, 773 So.2d 989 (Ala.Crim.App. 1998), the Alabama Supreme Court addressed the issue whether Jones's notice of appeal from the denial of his Rule 32 petition was timely when he handed his notice of appeal to prison officials on the 42d day after his petition was denied. The Alabama Supreme Court stated:
"Rule 4(b)(1), Ala.R.App.P., provides in pertinent part:
 "`In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence . . . .'
 "(Emphasis added.) In the context of post-conviction relief, the 42-day appeal period runs from the date of the trial court's denial of the Rule 32 petition. Barfield v. State, 703 So.2d 1011, 1012
(Ala.Crim.App. 1997). The 42d day *Page 378 
after the trial court's February 5, 1997, denial of Jones's Rule 32 petition was March 19. Relying on Holland v. State, 621 So.2d 373 (Ala.Crim.App. 1993), Jones argues that his notice of appeal should be deemed to have been `filed' on the day he gave the notice of appeal to the prison official, that is, on March 17 — the 40th day after the entry of judgment.
 "Although this Court has never addressed the issue of when an incarcerated pro se appellant's notice of appeal is considered `filed,' in Ex parte Williams, 651 So.2d 569, 571 (Ala. 1992), we held `that under Rule 25, [Ala.R.App.P.,] a pro se prisoner's filings [with an appellate court] shall be deemed filed upon the prisoner's tendering them to prison officials.' Further, in Ex parte Powell, 674 So.2d 1258 (Ala. 1995), this Court reasoned that a pro se incarcerated petitioner's filing of his Rule 32 petition was not barred by the limitations period of Rule 32, because he had given his petition to prison officials one day before the two-year limitations period expired. This Court, relying on the reasoning of the Supreme Court of the United States in Houston v. Lack, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), held that a pro se incarcerated petitioner `files' a Rule 32 petition when he hands the petition over to the prison authorities. Powell, 674 So.2d at 1259.
 ". . . Because Jones was incarcerated and was filing his notice of appeal pro se, his notice of appeal should have been considered `filed' on . . . the day he gave it over to the prison authorities."
773 So.2d at 989-990 (footnote omitted).
We take judicial notice of the record of the dismissal of Hatfield's direct appeal. Hamm v. State, 439 So.2d 829 (Ala.Crim.App. 1983). Hatfield was sentenced on October 6, 1998. The 42d day after pronouncement of sentence was November 17, 1998. Our records contain a pro se notice of appeal dated November 17, 1998. The notice of appeal indicates that at the time Hatfield was incarcerated in the Kilby Correctional Facility in Montgomery, Alabama. The notice of appeal is marked filed by the DeKalb circuit clerk on November 19, 1998 — the 44th day after the pronouncement of sentence. See Hatfield v. State,744 So.2d 971 (Ala.Crim.App. 1998).
Hatfield's claim that he is entitled to an out-of-time appeal is, at least on its face, meritorious. (C.R. 72-73.) See Ex parte Jones, supra; Ex parte Williams, 651 So.2d 569 (Ala. 1992); and Ex partePowell, 674 So.2d 1258 (Ala. 1995). Therefore, we remand this cause to the circuit court to address Hatfield's claim in light of our Supreme Court's holding that a notice of appeal filed by a pro se litigant who is incarcerated is considered filed when it is handed to a prison official. The circuit court is to make written findings of fact with regard to this claim, and, if necessary, to hold an evidentiary hearing on this matter.Bones v. State, 708 So.2d 214 (Ala.Crim.App. 1977). On remand, the circuit court may conduct such further proceedings or take such evidence as it deems necessary to make its determination and specific findings of fact. A return to remand shall be filed with this Court within 42 days of the date of this opinion. The return to remand shall include a transcript of the remand proceedings, if any are conducted, and the evidence submitted, as well as the circuit court's findings of fact.
REMANDED WITH INSTRUCTIONS.* *Page 379 
Long, P.J., and McMillan, Cobb, and Baschab, JJ., concur.
* Note from the reporter of decisions: On December 15, 2000, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion. *Page 1014