This is the third time these parties have been before this court. SeeVeteto v. Yocum, [Ms. 2990273, April 14, 2000] ___ So.2d ___ (Ala.Civ.App. 2000) ("Veteto I"), and Veteto v. Yocum, [Ms. 2991377, February 23, 2001] 792 So.2d 1117 (Ala.Civ.App. 2001) ("Veteto II"). In June 1999, Ronald D. Veteto, an inmate in the state prison system, sued John C. Yocum, another inmate, in the Escambia County District Court for the balance of a loan Veteto claims he had made to Yocum. Veteto I, 794 So.2d at 1118. After the district court had dismissed the case for lack of prosecution — when neither inmate appeared for the trial — Veteto filed a Rule 59, Ala.R.Civ.P., motion to alter, amend, or vacate the district court's judgment of dismissal; a few days before that motion would have been deemed denied by operation of law, Veteto also filed a notice of appeal to the circuit court. Id. at 1118. The circuit court dismissed the appeal, holding that it was either premature (because the district court had not yet ruled on the postjudgment motion to alter, amend, or vacate) or untimely (because the appeal had not been filed within 14 days of the district court's judgment). Id. at 1118. Veteto appealed to this court; this court reversed, holding that Veteto's notice of appeal "served to withdraw his pending postjudgment motion" and thus divested the district court of jurisdiction over the case, and that jurisdiction had vested immediately in the circuit court for that court to conduct a trial de novo. Id. at 1119 (citing Herring v. Shirah,542 So.2d 271, 272 (Ala. 1988)).
In October 1999, while his postjudgment motion challenging the circuit court's dismissal was pending in the circuit court, Veteto filed a second — identical — complaint against Yocum in the district court.[1] The district court dismissed the *Page 816 
second case when neither party appeared at trial, and Veteto again appealed to the circuit court. The circuit court dismissed the appeal, stating that it had not been timely filed. Veteto appeals.
Veteto's notice of appeal was stamped by the Escambia County circuit clerk as "filed" on March 29, 2000, more than 14 days after the dismissal of his case. See Ala. Code 1975, § 12-12-70(a) (prescribing the appeal period). Veteto wrote on his notice of appeal: "Submission date: March 20, 2000." He also, in an affidavit filed later, indicated that on March 20, 2000, three days before the expiration of the 14-day period, he had given the notice of appeal to a prison official for mailing.
In 1992, the Alabama Supreme Court adopted the approach of the United States Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), for determining when, under the Alabama Rules of Appellate Procedure, a pro se prisoner-litigant's pleadings are deemed to be "filed." See Ex parteWilliams, 651 So.2d 569, 571 (Ala. 1992). In determining that a prisoner's petition for a writ of certiorari directed to the Court of Criminal Appeals was timely filed under Rule 25, Ala.R.App.P., theWilliams court acknowledged the unique position of the pro se prisoner-litigant:
 "`The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the . . . deadline. . . . [T]he pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. . . . Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access — the prison authorities — and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice.'"
Williams, 651 So.2d at 570-71 (quoting Houston v. Lack,487 U.S. at 270-72). Although his petition was received in the clerk's office after the deadline for filing a notice of appeal, Williams stated that "he tendered his petition to prison officials to be mailed within the time prescribed by law for filing," and that he also "filed with [the Supreme] Court two statements from other persons to this effect." Id. at 570. TheWilliams court concluded that Rule 25 was "flexible enough to allow a paper to be deemed filed upon its proper receipt by a prison official."Id. at 571. Since Williams, our supreme court has amended Rule 4, Ala.R.App.P., effective September 1, 2000, to add a subsection incorporating the Houston rule. See Rule 4(c) (stating that a pro se prisoner-litigant's notice of appeal to an appellate court is considered timely filed if it is deposited in the prison mail system on or before the last date for filing and stating that a notarized statement setting forth the date the notice of appeal was deposited in the prison mail system is sufficient to establish timely filing).
The Court of Criminal Appeals has also applied the rationale ofHouston to filings made pursuant to the Alabama Rules of Criminal Procedure. See Holland v. State, 621 So.2d 373 (Ala.Crim.App. 1993) (holding that a pro se prisoner's Rule 32, Ala.R.Crim.P., petition was timely filed when delivered to prison authorities for mailing within the limitations period). In Holland, *Page 817 
the court found that the petition was filed on the date averred in the certificate of service, noting that the district attorney had failed to challenge the averment and that it, therefore, must be taken as true.Holland, 621 So.2d at 375. However, the Court of Criminal Appeals has held that sufficient proof of the date of delivery to a prison official is required. Mims v. State, 650 So.2d 619,621 (Ala.Crim.App. 1994).
In Mims, the court explained that the pro se prisoner-litigant had failed to provide sufficient proof that his Rule 32, Ala.R.Crim.P., petition had been delivered to prison officials. Mims, 650 So.2d at 621. Unlike the pro se prisoner-litigant in Holland, the pro se prisoner-litigant in Mims had not included a certificate of service; his statement that he had delivered the petition to prison officials for mailing was a "bare, unverified assertion"; and he did not include a supporting affidavit. Id. Based on the court's discussion and its statement that it continued to adhere to the Houston rule it had adopted in Holland, proof that the pro se prisoner-litigant had filed an affidavit or a verified pleading containing the pro se prisoner-litigant's assertion that he had delivered his petition to prison officials before the expiration of the limitations period would have resulted in an application of the Houston rule.
Although neither our supreme court nor this court has addressed the application of Houston to the filing of papers in civil cases, we believe that the considerations outlined by the United States Supreme Court inHouston are not changed by the nature of the litigation involved. Therefore, we will apply the holding in Houston — that a pro se prisoner-litigant's filing is deemed to be complete when the document being filed is delivered to a prison official for mailing — to determine whether Veteto's notice of appeal from the district court was timely filed. See Houston, 487 U.S. at 270; Williams, 651 So.2d at 571.
Veteto's notice of appeal was filed on March 20, 2000, the date he delivered it to a prison official for mailing. Therefore, his notice of appeal was filed within 14 days of the district court's dismissal of his case on March 9. The appeal was timely and should not have been dismissed.
REVERSED AND REMANDED.
Yates, P.J., and Pittman and Murdock, JJ., concur.
Thompson, J., concurs in the result.
[1] Although Ala. Code 1975, § 6-5-440, prohibits simultaneous actions for the same cause against the same parties, the statute constitutes an affirmative defense, and if that defense is not raised by the defendant in a motion to dismiss, Benson v. City of Scottsboro,286 Ala. 315, 317, 239 So.2d 747, 748-49 (1970) (stating that the defense must be raised by a "plea in abatement," the procedural predecessor of the motion to dismiss), it is waived. Chappell v. Boykin, 41 Ala. App. 137,141, 127 So.2d 636, 639 (1960).