825 So.2d 271 (2002)
Ex parte Bobby Joe ALLEN.
(In re Bobby Joe Allen v. State of Alabama.)
1002028.
Supreme Court of Alabama.
January 25, 2002.
Bobby Joe Allen, pro se.
Bill Pryor, atty. gen., and Stephen N. Dodd, asst. atty. gen., for respondent.
HOUSTON, Justice.
We granted this petition for the writ of certiorari to address one issue: Whether our caselaw that has adopted the holding enunciated in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), that a notice of appeal by an incarcerated pro se appellant is considered "filed" when it is given to prison officials and not when it is received by the court clerk (hereinafter generally referred to as "the mailbox rule"), should be extended to *272 include the filing of motions to amend Rule 32, Ala.R.Crim.P., petitions that have no deadline for filing other than that they must be filed before the entry of a final judgment, as stated in Rule 32.7(b), Ala. R.Crim.P. We decline to extend the mailbox rule to motions to amend Rule 32 petitions, and we affirm the judgment of the Court of Criminal Appeals in this case.
Bobby Joe Allen pleaded guilty to the unlawful breaking and entering of a vehicle in violation of Ala.Code 1975, § 13A-8-11(b). He was sentenced under the Habitual Felony Offender Act to 15 years' imprisonment. Allen's sentence was suspended, and he was placed on two years' probation. Allen did not appeal his conviction. Allen's probation was subsequently revoked, and he was ordered to serve his original sentence. He then filed a Rule 32, Ala.R.Crim.P., petition in the Limestone Circuit Court, seeking postconviction relief. On October 31, 2000, the State filed a motion to dismiss Allen's petition, arguing that his claims were precluded under Rule 32.2(a) Ala.R.Crim.P.
On November 13, 2000, at 1:24 p.m., the circuit court summarily denied Allen's Rule 32 petition, stating that his claims were precluded because they should have been raised on a direct appeal, which Allen chose not to take. Later, that same day, at 1:50 p.m., Allen's response to the State's motion to dismiss and a motion to amend his Rule 32 petition to add additional claims were stamped "filed" by the clerk of the circuit court. The certificate of service attached to Allen's motions was dated November 7, 2000, six days before the circuit court's final order dismissing his petition. The circuit court did not rule on Allen's motion to amend his petition. On November 29, 2000, Allen filed a motion styled "Motion to Amend the Court's Finding and Judgment" (emphasis added), arguing that the circuit court erred in not granting his motion to amend his petition. The circuit court, on December 4, 2000, denied this motion.[1]
The Court of Criminal Appeals unanimously affirmed the judgment of the circuit court. Allen v. State, 825 So.2d 264 (Ala.Crim.App.2001). On August 20, 2001, Allen sought certiorari review of the Court of Criminal Appeals' affirmance, arguing that the issue whether a motion to amend a Rule 32 petition should be considered as filed on the date it is given to prison officials is a material question of first impression in Alabama.[2]
Alabama courts have held that a pro se incarcerated petitioner/appellant is considered to have "filed" a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing. Holland v. State, 621 So.2d 373 (Ala.Crim.App. 1993)(Rule 32 petition); Ex parte Jones, 773 So.2d 989 (Ala.1998)(notice of appeal); Ex parte Williams, 651 So.2d 569 (Ala.1992)(petition for certiorari review). Alabama courts have also applied the mailbox rule to a Rule 32 amendment when *273 time deadlines have been imposed by the trial court for filing such an amendment. Miles v. State, [Ms. CR-99-2547, March 2, 2001] ___ So.2d ___ (Ala.Crim.App.2001). However, we have not ruled on whether the mailbox rule applies to supplemental filings associated with Rule 32 petitions where no deadline is imposed on those filings other than that they must be filed before the entry of a final judgment.
Leave to amend a Rule 32 petition is within the discretion of the trial court, and it should be freely granted. Rule 32.7(d) Ala.R.Crim.P.; see, e.g., Talley v. State, 802 So.2d 1106, 1107 (Ala.Crim.App. 2001). However, Rule 32.7(b) plainly states that amendments are allowed at any time "prior to the entry of judgment." The trial court, in this case, had already entered a final order dismissing Allen's Rule 32 petition when it received Allen's motion to amend; therefore, it no longer had discretion to grant Allen's motion unless Allen's motion was considered filed on the date it was given to prison authorities.
Rule 4(c), Ala.R.App.P., effective September 1, 2000, specifically provides for application of the mailbox rule to pro se incarcerated appellants. Rule 4(c) adopted the mailbox rule as previously enunciated by this court in Williams and Jones. Committee Comments to Adoption of Rule 4(c), Ala.R.App.P. However, no language in the Alabama Rules of Criminal Procedure expressly applies the mailbox rule to Rule 32 petitions. In applying the mailbox rule to initial filings of Rule 32 petitions and time-sensitive amendments to such petitions, Alabama courts have been cognizant of the policy concerns outlined by the United States Supreme Court in Houston v. Lack, supra. Houston held that under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, a notice of appeal is considered "filed" when a pro se incarcerated appellant delivers it to prison authorities for forwarding to the court clerk, and not when the court clerk actually receives it. Houston, 487 U.S. at 270-71, 108 S.Ct. 2379. However, the mailbox rule enunciated in Houston is not constitutionally required. O'Rourke v. State, 782 S.W.2d 808, 809 (Mo.Ct.App.1990); Carr v. State, 554 A.2d 778, 779 (Del.1989); Espinal v. State, 159 Misc.2d 1051, 607 N.Y.S.2d 1008 (N.Y.Ct.Cl.1993). Rather, the holding of Houston is based on federal procedure; thus, it is not necessarily applicable to state rules of procedure. Accordingly, we must consider whether the Alabama Rules of Criminal Procedure allow application of the mailbox rule in the context of Rule 32 amendments, and whether the policy concerns expressed in Houston are applicable to motions to amend Rule 32 petitions in Alabama where no deadline is given for filing such amendments.
We hold that the mailbox rule does not apply to motions to amend Rule 32 petitions where the trial court has not established a deadline for filing the amendment. We agree with the Court of Criminal Appeals, which stated:
"Unlike the initial filing of a Rule 32 petition or the filing of notices of appeal and petitions for the writ of certiorari, however, most supplemental filings associated with Rule 32 petitions have no set time within which they must be filed. To broadly construe Rule 32 so as to permit filings having no deadlines to be considered to have been `filed' when they are delivered to prison officials for mailing rather than when they are received by the court would not further the laudable policy discussed in Williamsto assist a pro se petitioner, who has a particular lack of control over the filing of papers in the trial and the appellate courts, to meet jurisdictional filing deadlines. Rather, the probable effect of such a rule would be to delay, *274 or even negate, rulings on pro se petitions. In this case in particular, if we were to hold that Allen's motion to amend was `filed' on November 7, 2000, the day he ostensibly signed the certificate of service and handed it over to prison officials for mailing, the circuit court would be required to set aside its denial of Allen's Rule 32 petition when it did not know, and could not have known, that an amendment was in the mail. This would place circuit courts in the untenable position of either having to wait a long period of time before issuing rulings on pro se petitions on the chance that a petitioner may have mailed an amendment to the petitions, or having to set aside rulings, perhaps on a frequent basis, whenever they receive an amendment after a ruling has been issued, if the pertinent document indicates that it was given to prison officials for mailing before the ruling."
825 So.2d at 268.
Additionally, the policy concerns stated in Houston are not as pertinent in the context of amendments to Rule 32 petitions. Those concerns were summarized in Houston:
"The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30-day deadline. Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped `filed' or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so by his situation.... Pro se prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them. Worse, the pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay.... Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has accessthe prison authorities and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice."
487 U.S. at 270-72, 108 S.Ct. 2379.
These concerns may be present when a pro se prisoner files an initial action or is faced with certain, specific time deadlines; however, these concerns are not as likely to be present when a pro se prisoner files a motion to amend a Rule 32 petition because, in addition to the reasons given by the Court of Criminal Appeals quoted above, Rule 32 provides that a court may appoint counsel in certain situations. Rule 32.7(c), Ala.R.Crim.P., states:
"If the court does not summarily dismiss the petition, and if it appears that the petitioner is indigent or otherwise unable to obtain the assistance of counsel and desires the assistance of counsel, and it further appears that counsel is necessary to assert or protect the rights of the petitioner, the court shall appoint counsel."
Therefore, if a trial court finds that the pro se prisoner asserts meritorious claims, it may appoint counsel and prevent the petitioner from suffering the disadvantages envisioned in Houston. This safeguard *275 provides sufficient protection of the petitioner's right to bring a successful Rule 32 petition without the need to extend the mailbox rule to motions to amend those petitions.
Ultimately we are guided by Rule 1.2 of the Alabama Rules of Criminal Procedure:
"These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare."
However, as that rule states, in protecting the individual's rights, we are also concerned with the need for efficiency within the circuit courts. The application of the mailbox rule to motions to amend Rule 32 petitions is unnecessary for the just determination of those proceedings. Therefore, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
MOORE, C.J., and LYONS and JOHNSTONE, JJ., concur.
WOODALL, J., concurs in the rationale in part and concurs in the result.
WOODALL, Justice (concurring in the rationale in part and concurring in the result).
I concur in the result in this case and in most of the rationale provided for that result. However, I am not persuaded that Ala.R.Crim.P. 32.7(c) is relevant to the issue presented or that it supports the result reached. Therefore, I do not join in the rationale to the extent that it relies upon Rule 32.7(c).
NOTES
[1] Because the reason for the denial of Allen's motion to amend the circuit court's judgment is not stated in the record and because Allen made the same argument in both motions i.e., that he should be granted leave to amend his petitionwe must assume that Allen's second motion was denied because his original motion to amend his Rule 32 petition was not timely filed, making the timeliness of the filing the determinative issue in this case.
[2] Specifically, Allen argues that the circuit court should have considered his motion to amend his Rule 32 petition as timely filed when it was given to prison officials, i.e., the date on the certificate of service, November 7, 2000, not when it was received by the clerk's office, November 13, 2000, 26 minutes after the circuit court had entered a final order dismissing his Rule 32 petition.