942 So.2d 405 (2006)
Lester Lee MOTON, Jr.
v.
STATE.
CR-04-2040.
Court of Criminal Appeals of Alabama.
November 23, 2005.
Rehearing Denied January 27, 2006.
Certiorari Denied May 12, 2006.
Lester Lee Moton, Jr., pro se.
Troy King, atty. gen., and Jennifer M. Garrett, asst. atty. gen., for appellee.
Alabama Supreme Court 1050600.
McMILLAN, Presiding Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
COBB, J., concurs. BASCHAB and WISE, JJ., concur in the result. SHAW, J., concurs in the result, with opinion.
SHAW, Judge, concurring in the result.
I seriously question the propriety of relying on Clemons v. State, [Ms. CR-01-1355, June 24, 2005] ___ So.2d ___, ___ (Ala.Crim.App.2003) (opinion on return to remand), to hold that the allegations of ineffective assistance of counsel made by Lester Lee Moton, Jr., were time-barred, in light of the "mailbox rule" that is applied to pro se inmates. See, e.g., Ex parte Allen, 825 So.2d 271, 272 (Ala.2002) ("Alabama courts have held that a pro se incarcerated petitioner/appellant is considered to have `filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing."); Holland v. State, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[W]e hold that a pro se incarcerated petitioner `files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). However, after reviewing the record, I believe that Moton's allegations were not pleaded with sufficient specificity to satisfy the requirements in Rule 32.3 and 32.6(b), Ala. R.Crim.P.; therefore, I concur in the result.