I seriously question the propriety of relying on demonsv. State, [Ms. CR-01-1355, June 24, 2005] ___ So.2d ____, ____, (Ala.Crim.App. 2003) (opinion on return to remand), to hold that the allegations of ineffective assistance of counsel made by Lester Lee Moton, Jr., were time-barred, in light of the "mailbox rule" that is applied to pro se inmates. See, e.g.,Ex parte Allen, 825 So.2d 271, 272 (Ala. 2002) ("Alabama courts have held that a pro se incarcerated petitioner/appellant is considered to have `filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing.");Holland v. State, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[W]e hold that a pro se incarcerated petitioner `files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). However, after reviewing the record, I believe that Moton's allegations were not pleaded with sufficient specificity to satisfy the requirements in Rule 32.3 and 32.6(b), Ala. R.Crim.P.; therefore, I concur in the result. *Page 829