825 So.2d 241 (2001)
Nathan Theorthelif THIGPEN
v.
STATE.
CR-99-2469.
Court of Criminal Appeals of Alabama.
April 27, 2001.
Opinion on Return to Remand August 31, 2001.
Rehearing Denied October 19, 2001.
Certiorari Denied January 25, 2002.
*243 Nathan Theorthelif Thigpen, pro se.
Bill Pryor, atty. gen., and Stephen N. Dodd, asst. atty. gen., for appellee.
Alabama Supreme Court 1010232.
McMILLAN, Presiding Judge.
On March 20, 2000, the appellant, Nathan Theorthelif Thigpen, filed a Rule 32, Ala.R.Crim.P., petition, in which he challenged his 1997 conviction for murder and his sentence of life imprisonment. This court affirmed the appellant's conviction in an unpublished memorandum. Thigpen v. State, 728 So.2d 709 (Ala.Crim.App.1998). The appellant contended that he had been denied the effective assistance of counsel for the following reasons: his trial counsel and appellate counsel failed, he says, to properly challenge an alleged Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), violation; his appellate counsel failed to challenge the denial of an instanter subpoena; and his trial counsel deprived him of his right to testify by failing to research, challenge, or properly advise him as to the admissibility of his prior convictions. In addition, the appellant contended that the trial court lacked jurisdiction to impose the sentence it imposed because, he says, two prior convictions used to enhance his sentence were improper. The State moved to dismiss the petition, arguing that the appellant's claims were precluded, that the appellant had failed to state a claim of ineffective assistance of counsel, and that the appellant had failed to show that his two prior convictions were improper. The trial court thereafter summarily denied the petition, finding that: the nonjurisdictional claims were precluded under Rules 32.2(a)(3) and (5); the claims alleging ineffective assistance of trial counsel were not supported by the court's own observation and were insufficient to indicate error or prejudice; the claims concerning the admission of prior convictions and the calling of a last-minute witness were precluded under Rule 32.2(a)(2); and the claim of failure to raise a meritless issue on appeal was insufficient to state a claim of ineffective assistance of counsel.
The trial court's order denying the petition was issued on July 17, 2000. The appellant filed a written notice of appeal dated August 25, 2000, accompanied by the following unverified certificate of service:
"I hereby certify that I have on this 25th day [of] August, 2000, served a copy of the foregoing `Notice of Appeal' upon the Respondents by placing said same in the Holman Institution mail service, first class postage prepaid and addressed as follows...."
The notice of appeal was stamped "filed" by the Jefferson Circuit Clerk's office on August 30, 2000.
Rule 4(a), Ala.R.App.P., requires that a notice of appeal be filed with the clerk of the trial court within 42 days of the date of the entry of the judgment or order from which a defendant appeals. *244 Here, the notice was dated 39 days after the entry of the trial court's order, but it was not filed until 44 days after the specified date. The appellant was an inmate at the Holman correctional facility when he filed his pro se notice of appeal. Rule 4(c), Ala.R.App.P., adopted effective September 1, 2000, provides the following with regard to appeals by inmates confined in institutions:
"If an inmate confined in an institution and proceeding pro se files a notice of appeal in either a civil or a criminal case, the notice will be considered timely filed if it is deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for `legal' mail to be processed by the United States Post Office, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a notarized statement that sets forth the date the filing was deposited in the institution's mail system."
The Committee Comments explain that Rule 4(c) is patterned after Rule 4(i), Fed. R.App.P., and further note that the rule recognizes that a notice of appeal filed by an inmate confined in an institution and acting pro se is timely when the inmate "documents the delivery of the notice of appeal to prison authorities for mailing." See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), Ex parte Williams, 651 So.2d 569 (Ala.1992), and Ex parte Jones, 773 So.2d 989 (Ala. 1998).
Here, the appellant filed only an unsworn certificate of service as evidence that he delivered his petition to prison authorities for mailing on August 25. See Holland v. State, 621 So.2d 373 (Ala.Crim. App.1993) (in which this court stated that an unsworn certificate of service was insufficient as verification of delivery of the appellant's Rule 32 petition but had to be accepted as true in that case because the allegation was not challenged in the circuit court).
Because the evidence indicating the date of delivery is insufficient, this cause must be remanded for the trial court to determine whether the appellant's notice of appeal was timely filed. On remand, the trial court may conduct such proceedings and take such evidence as it deems necessary to make its determination. A return should be filed with this court within 42 days of the date of this opinion.
REMANDED WITH DIRECTIONS.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

On Return to Remand
McMILLAN, Presiding Judge.
On April 27, 2001, this Court remanded this cause for the trial court to determine whether the appellant's notice of appeal from the denial of his Rule 32, Ala.R.Crim. P., petition was timely. The court has now filed its return, which states that, on remand, the parties stipulated that the notice was delivered to the Holman Prison mail facility in a timely manner. The trial court found that the stipulation satisfied Rule 4(c), Ala.R.App.P. Because the notice was timely filed, the issues raised by the appellant are due to be addressed.

I.
The appellant first contends that the trial court erred in denying his claims alleging ineffective assistance of trial and appellate counsel. However, the appellant failed to satisfy the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), with regard to his claims. Strickland requires one claiming ineffective assistance to show both that performance of counsel was deficient *245 and that the deficiency prejudiced the defense.
The appellant contended that his trial counsel failed to properly challenge an alleged Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), violation. However, he did not identify any exculpatory evidence that Timothy Worsham, the witness whose name allegedly was not disclosed,[1] could have provided. He also contended that his trial counsel deprived him of the right to testify by failing to research, challenge, or properly advise him as to the admissibility of evidence of his prior convictions. However, the appellant, acting pro se, filed a motion seeking to suppress evidence of the prior convictions, which the trial court denied. The appellant did not state any valid ground upon which evidence of the prior convictions could have been suppressed. He therefore failed to prove either deficient performance or prejudice regarding his trial counsel's representation.
With regard to appellate counsel, the appellant contended that his counsel should have challenged the denial of an instanter subpoena for Timothy Worsham. However, he did not identify any beneficial evidence that Worsham could have offered. He also contended that his appellate counsel should have raised on appeal his trial counsel's alleged Brady error. However, appellate counsel cannot be held to be ineffective for failing to raise a meritless issue on appeal. The appellant failed to show that his defense was prejudiced by the alleged omissions of his appellate counsel. Strickland v. Washington, supra.

II.
The appellant's second contention is that the trial court lacked jurisdiction to sentence him as a habitual offender because, he says, the two convictions used for enhancement were invalid. He argues that the North Carolina conviction failed to comply with § 12-21-70, Ala.Code 1975, because the exemplification was signed by the deputy clerk instead of the clerk. He argues that the California conviction did not reflect that he was represented by counsel at sentencing.
With regard to the validity of the North Carolina conviction, this court has stated that prior felony convictions may be proven according to § 12-21-70 or Rule 44, Ala.R.Civ.P. See Sims v. State, 663 So.2d 975, 981-982 (Ala.Crim.App.1994). Regarding proof under Rule 44, we stated the following:
"Under Rule 44, the appellant's prior convictions could have been proved by a copy of the prior convictions certified by the attestation of the deputy clerk, if the State had submitted along with this copy `a certificate under oath of such person that he is the legal custodian of such record and that the laws of the State require the record to be kept.'"
663 So.2d at 982.
The burden of showing that a prior conviction is invalid for enhancement purposes is on the appellant. Meadows v. State, 473 So.2d 582 (Ala.Crim.App.1985). Here, the appellant did not offer any evidence that the State failed to submit the appropriate certification by the deputy clerk. He therefore failed to show that his North Carolina conviction was invalid.
*246 With regard to the validity of the California conviction, the State offered a case action summary reflecting that the appellant was represented by counsel by the name of "Goldstein." In Jackson v. State, 502 So.2d 858 (Ala.Crim.App.1986), this court held that, where documents pertaining to a prior conviction showed that the appellant was represented by counsel at arraignment and at the entry of his plea, a presumption arose that he was represented by his counsel during the entire proceedings. This court further stated that the appellant had the burden of proving otherwise. Id. The appellant in the present case failed to prove that he was not represented by counsel when he was sentenced for the California conviction.
The trial court's summary denial of the appellant's Rule 32, Ala.R.Crim.P., petition is due to be, and it is hereby, affirmed.
AFFIRMED.
COBB, BASCHAB, and WISE, JJ., concur.
SHAW, J., concurs in the result.
NOTES
[1] The appellant's counsel filed a motion for the State to produce any exculpatory evidence. On the second day of trial, she apparently realized from reading a police report that there were additional witnesses she wanted to subpoena. She first told the court that "Trey Moore" was the "relevant and material" witness; however, she later informed the court that the witness's correct name was Timothy Worsham.