The defendant, Motis Franklin Wright, was convicted of first-degree robbery and was sentenced under the Habitual Felony Offender Act to life imprisonment without the possibility of parole. Acting pro se, Wright filed a Rule 32, Ala.R.Crim.P., petition complaining that the indictments in his cases were void, and the trial court denied the petition. Wright appealed the *Page 1254 
denial, and the Court of Criminal Appeals dismissed his appeal for untimeliness, without an opinion. Wright v. State, (No. CR-00-1073, March 1, 2001) 821 So.2d 1047 (Ala.Crim.App. 2001) (table). The Court of Criminal Appeals subsequently dismissed Wright's motion to reinstate the appeal and his application for rehearing.
We granted Wright's petition for a writ of certiorari to determine whether the Court of Criminal Appeals erred in dismissing Wright's appeal as untimely filed. The only issue before us is whether Wright timely filed his notice of appeal. We reverse and remand with instructions.
On December 27, 2000, the trial judge signed and dated a separate order, not in bench notes or on the case action summary, denying Wright's Rule 32 petition. This order was date-stamped as received by the trial court clerk on January 8, 2001.
Wright received notice of this order through the mail on January 10, 2001. Wright alleges that he placed his notice of appeal in the prison mailbox on February 19, 2001. February 19 was 42 days after the January 8 date of the trial court clerk's receipt of the trial judge's order. Wright's notice of appeal bears a "Declaration of Mailing" signed by Wright and three witnesses stating: "I hereby certify that I have this 19th day of February, 2001, placed the foregoing Notice of Appeal in this Institution's mailbox, postage pre-paid and properly addressed, pursuant to Houston v. Lack, 487 U.S. 266 [(1988)]." On February 21, 2001, the trial court clerk date-stamped Wright's notice of appeal as received.
"[P]ostconviction proceedings filed pursuant to Rule 32 are civil proceedings." State v. Hutcherson, [Ms. CR-00-2567, Nov. 9, 2001]847 So.2d 378, 383 (Ala.Crim.App. 2001). "[I]n all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 [, Ala.R.App.P.,] shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from. . . ." Rule 4(a)(1), Ala.R.App.P. See also Rule 32.10(a), Ala.R.Crim.P. "In the context of postconviction relief, the 42-day appeal period runs from the date of the trial court's denial of the Rule 32 petition." Ex parteJones, 773 So.2d 989, 989 (Ala. 1998). (Citation omitted.) "Clearly, the wording of the Rule [4(a)(1), Ala.R.App.P.,] states that [a] notice of appeal must be filed within 42 days `after a judgment' has been entered in a case." Miles v. State, [Ms. CR-99-1849, June 30, 2000] 822 So.2d 468,469 (Ala.Crim.App. 2000). See also Thigpen v. State, [Ms. CR-99-2469, April 27, 2001] 825 So.2d 241, 244 (Ala.Crim.App. 2001). "`[W]hen a judgerenders a judgment by a separate written order, that judgment is notentered until it is filed in the clerk's office.'" Allstate Ins. Co. v.Coastal Yacht Servs., Inc., [Ms. 1001984, Dec. 14, 2001] 823 So.2d 632,633 (Ala. 2001) (quoting Smith v. Jackson, 770 So.2d 1068, 1071-72 (Ala. 2000)) (emphasis added). See also Rule 58(c), Ala.R.Civ.P.
Therefore, Wright's 42-day appeal time began on January 8, 2001, when the separate-order denial of his Rule 32 petition was filed in the trial court clerk's office. If Wright's notice of appeal be deemed and found to have been filed by February 19, 2001, then his appeal was timely and relief will be due.
Rule 4(c), Ala.R.App.P., provides:
 "If an inmate confined in an institution and proceeding pro se files a notice of appeal in either a civil or a criminal case, the notice will be considered timely filed if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for `legal' mail to be processed by the United States Post Office, the inmate must use that system *Page 1255 
to receive the benefit of this rule. Timely filing may be shown by a notarized statement that sets forth the date the filing was deposited in the institution's mail system." (Emphasis added.)
In Holland v. State, 621 So.2d 373 (1993), the Court of Criminal Appeals observed and held:
 "The appellant's certificate of service averred that he placed the petition in the mail on March 19, four days before the limitations period elapsed. Although the petition may not have been received by the circuit clerk until March 24, one day after the statute of limitations ran, we conclude, based on the holding of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), that the appellant's petition was timely filed. . . .
". . . .
 ". . . In this case, we do not have the prison mail log before us. We cannot verify that the appellant in fact delivered his petition to prison authorities for mailing on March 19, four days before the limitations period elapsed, as his certificate of service avers. However, the district attorney failed to challenge this allegation in the circuit court and, consequently, it must be accepted as true. Ex parte Floyd, 457 So.2d 961, 962 (Ala. 1984)."
Holland, 621 So.2d at 374-75. In Jones, 773 So.2d at 989, this Court explained and held:
 "[T]he trial court denied [Jones's Rule 32] petition, by a written order, on February 5, 1997. On March 17, Jones handed his notice of appeal to a prison official at the Limestone Correctional Facility, where Jones was imprisoned. Jones paid to have the notice of appeal sent by certified mail. It was sent by certified mail, and on March 21 — the 44th day after the February 5 denial of the petition — the Tuscaloosa County circuit clerk's office received Jones's envelope containing his notice of appeal. The Court of Criminal Appeals dismissed Jones's appeal . . . [as] untimely.
". . . .
 ". . . The 42d day after the trial court's February 5, 1997, denial of Jones's Rule 32 petition was March 19. Relying on Holland v. State, 621 So.2d 373
(Ala.Crim.App. 1993), Jones argues that his notice of appeal should be deemed to have been `filed' on the day he gave the notice of appeal to the prison official, that is, on March 17 — the 40th day after the entry of judgment.
". . . .
 "The record contains a copy of the envelope that contained Jones's notice of appeal. The envelope was sent by certified mail to the office of the Tuscaloosa County circuit clerk, and it was postmarked March 17, 1997 — two days before the 42-day period for appeal would have expired. Further, Jones's certificate of service for the notice of appeal was dated March 17. Thus, the record indicates that on or before March 17, Jones had given a prison official his notice of appeal to be mailed. . . . Because Jones was incarcerated and was filing his notice of appeal pro se, his notice of appeal should have been considered `filed' on March 17, the day he gave it over to the prison authorities."
Jones, 773 So.2d at 989-90 (emphasis added).
In Hatfield v. State, 784 So.2d 377 (Ala.Crim.App. 2000), Hatfield, apro se inmate, timely appealed the denial by the trial court of his Rule 32 petition. In his Rule 32 petition, Hatfield had prayed that the trial court grant him an out-of-time direct appeal from his convictions because, he claimed, his original direct appeal had *Page 1256 
been improperly dismissed. Reversing the denial by the trial court of Hatfield's Rule 32 petition, the Court of Criminal Appeals observed that Hatfield apparently had mailed from prison his notice of direct appeal exactly 42 days after the pronouncement of his sentence even though the trial court clerk did not mark the notice as filed until two days later. The Court of Criminal Appeals reasoned and ruled:
 "We take judicial notice of the record of the dismissal of Hatfield's direct appeal. Hatfield was sentenced on October 6, 1998. The 42nd day after pronouncement of sentence was November 17, 1998. Our records contain a pro se notice of appeal dated November 17, 1998. The notice of appeal indicates that at the time Hatfield was incarcerated in the Kilby Correctional Facility in Montgomery, Alabama. The notice of appeal is marked filed by the DeKalb circuit clerk on November 19, 1998 — the 44th day after the pronouncement of the sentence.
 "Hatfield's claim that he is entitled to an out-of-time appeal is, at least on its face, meritorious. Therefore, we remand this cause to the circuit court to address Hatfield's claim in light of our Supreme Court's holding that a notice of appeal filed by a pro se litigant who is incarcerated is considered filed when it is handed to a prison official. The circuit court is to make written findings of fact with regard to this claim, and, if necessary, to hold an evidentiary hearing on this matter."
Hatfield, 784 So.2d at 378 (citations omitted and emphasis added).
Likewise, in Thigpen v. State, supra, the Court of Criminal Appeals remanded Thigpen's case to the trial court to determine whether Thigpen's notice of appeal was timely filed:
 "The trial court's order denying the petition was issued on July 17, 2000. The appellant filed a written notice of appeal dated August 25, 2000, accompanied by the following unverified certificate of service:
 "`I hereby certify that I have on this 25th day [of] August, 2000, served a copy of the foregoing "Notice of Appeal" upon the Respondents by placing said same in the Holman Institution mail service, first class postage prepaid and addressed as follows. . . .'
". . . .
 "Rule 4(a), Ala.R.App.P., requires that a notice of appeal be filed with the clerk of the trial court within 42 days of the date of the entry of the judgment or order from which a defendant appeals. Here, the notice was dated 39 days after the entry of the trial court's order, but it was not filed until 44 days after the specified date. The appellant was an inmate at the Holman correctional facility when he filed his pro se notice of appeal. . . .
". . . .
 "Here, the appellant filed only an unsworn certificate of service as evidence that he delivered his petition to prison authorities for mailing on August 25. See Holland v. State, [supra] (in which this court stated that an unsworn certificate of service was insufficient as verification of delivery of the appellant's Rule 32 petition but had to be accepted as true in that case because the allegation was not challenged in the circuit court).
 "Because the evidence indicating the date of delivery is insufficient, this cause must be remanded for the trial court to determine whether the appellant's notice of appeal was timely filed. On remand, the trial court may conduct such proceedings and take such evidence as it *Page 1257 
deems necessary to make its determination."
Thigpen, 825 So.2d at 243-44. On return from remand, the Court of Criminal Appeals stated that "the parties stipulated that the notice was delivered to the Holman Prison mail facility in a timely manner." Thigpen v.State, [Ms. CR-99-2469, August 31, 2001] 825 So.2d 241, 244
(Ala.Crim.App. 2001), opinion on return to remand. Accordingly, Thigpen's appeal was reinstated. Id.
While Rule 4(c), Ala.R.App.P., includes a provision that "[t]imely filing may be shown by a notarized statement that sets forth the date the filing was deposited in the institution's mail system" (emphasis added), this rule does not mandate such a notarized statement as the only way to establish the timeliness of a filing. Such a mandate would create still further issues about the availability and expense of a notary public that the rule is not drawn to resolve. The nonmandatory nature of the provision for the notarized statement is connoted by the use of the wordmay in contradistinction to the use of the word must elsewhere in the very same rule to connote a measure that is mandatory — the inmate's use of the "legal" mail system, if one is available in the institution, instead of the general mail system there.
The issue before us is not the timeliness of Wright's Rule 32 petition. The issue is, rather, the timeliness of his appeal from the denial
of his Rule 32 petition. Because the filing of his notice of appeal in the trial court required no judicial action, as distinguished from ministerial action, by the trial court, the State did not interpose or waive any objection to the timeliness there, and the parties did not make any record of any contest of the timeliness there.
Rather, the first consideration of, and ruling on, the timeliness of Wright's appeal necessarily occurred in the Court of Criminal Appeals. No evidence before the Court of Criminal Appeals contradicted Wright's "Declaration of Mailing," which, if true, establishes that his notice of appeal was "filed" within the 42 days allowed by law. We can deduce that his notice of appeal must have been mailed on February 19, 2001 (the 42nd day), or February 20, 2001 (the 43rd day), for the notice of appeal to have been received and date-stamped by the trial court clerk's office on February 21, 2001 (the 44th day). Wright's case is like those of the appellants in Hatfield and Thigpen, supra, and he is due like relief.
Therefore, this cause must be remanded for the trial court to determine whether Wright, in fact, deposited his notice of appeal in the appropriate internal mail system of the prison institution or handed the notice to an appropriate officer of that institution for such deposit on or before February 19, 2001. On remand, the trial court may conduct such proceedings and take such evidence as it deems necessary to make its fact-findings and shall return its fact-findings in writing to the Court of Criminal Appeals.
Accordingly, we reverse the judgment of the Court of Criminal Appeals dismissing Wright's appeal. We remand this cause to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
MOORE, C.J., and SEE, LYONS, HARWOOD, and WOODALL, JJ., concur.
HOUSTON, BROWN, and STUART, JJ., concur in the result. *Page 1258