After Remand from the Alabama Supreme Court

PER CURIAM.
The appellant, Motis Franklin Wright, appealed the denial of his petition for post-conviction relief attacking his robbery conviction and his subsequent sentence of life imprisonment without the possibility of parole. We dismissed Wright’s appeal because the notice of appeal was not filed within 42 days from the date that the order denying the Rule 32 petition was filed in the circuit clerk’s office. Wright v. State, 821 So.2d 1047 (Ala.Crim.App.2001) (table). In April 2001, Wright filed a petition for a writ of certiorari in the Alabama Supreme Court. On May 3, 2002, the Supreme Court reversed this Court’s ruling dismissing the appeal and remanded the case for further proceedings consistent with its opinion. Ex parte Wright, 860 So.2d 1253 (Ala.2002). The Supreme Court noted that Wright’s notice of appeal was accompanied by a “Declaration of Mailing” and that Wright certified that he had mailed the notice of appeal on the forty-second day after the order disposing of his Rule 32 petition was filed in the circuit clerk’s office. The opinion also noted that the circuit clerk date-stamped Wright’s notice of appeal on the forty-third day — one day after the time for filing a notice of appeal had expired.
The Supreme Court remanded the case to this Court with instructions that we direct the circuit court to “determine whether Wright, in fact, deposited, his notice of appeal in the appropriate internal mail system of the prison institution or handed the notice to an appropriate officer *1259 of that institution for such deposit on or before February 19, 2001 [the last day to file a notice of appeal].” 860 So.2d at 1257. We remand this case to the Circuit Court of Tallapoosa County for proceedings consistent with the Supreme Court’s opinion. The circuit court is directed to file its return with this Court within 28 days of the date of this opinion.
This case is an excellent example of why Rule 4(c), Ala.R.App.P., should be amended to more specifically address the problems generated by inmate filings. We note that the Standing Committee for the Rules of Appellate Procedure has tentatively approved an amendment to Rule 4 that, we believe, will resolve this problem. We urge the Supreme Court to approve the proposed amendments to this Rule.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ„ concur.

 Note from the reporter of decisions: On October 1, 2002, on return to remand, the appeal was reinstated. On January 7, 2003, the Court of Criminal Appeals affirmed, without opinion. On February 21, 2003, that court denied rehearing, without opinion. On April 18, 2003, the Supreme Court denied certiora-ri review, without opinion (1021000).