PER CURIAM.
On August 15, 2001, N.H. filed a legal-malpractice action against David Vickers and John Norris, pursuant to § 6-5-570, AJa.Code 1975, alleging that they had rendered ineffective assistance in a criminal matter in which N.H. was the defendant. On April 4, 2002, the trial court entered an order holding that there had been no- service of process as to Norris; that Vickers had been served but had not answered N.H.’s complaint; and that, as to Vickers, the entry of a default judgment would be appropriate. The trial court ordered N.H. to effectuate proper service of process on Norris and to file a motion for a default judgment against Vickers by April 30, 2002, or the trial court would dismiss *454 N.H.’s action. On April 30, 2002, Vickers answered N.H.’s complaint.
On May 2, 2002, the trial court entered a judgment dismissing N.H.’s complaint in its entirety because, the trial court found, N.H. had failed to file the motion for a default judgment against Vickers by April 30, 2002, and did not perfect service of process on Norris. On May 28, 2002, N.H. filed a postjudgment motion seeking a reinstatement of his action against both defendants. On May 28, 2002, N.H. also appealed the trial court’s judgment. The trial court did not rule on the post-judgment motion, and N.H.’s appeal was held in abeyance until the postjudgment motion was denied by operation of law. See Rule 4(a)(5), Ala. R.App. P.
The trial court did not receive ore tenus evidence, so the facts are taken from the parties’ pleadings and motions. Those facts are as follows. On October 9, 1998, N.H., who was already serving a 10-year prison sentence on a conviction for possession of a controlled substance, was indicted for first-degree robbery. On October 27, 1998, the trial court appointed Vickers, an attorney, to represent him in the first-degree robbery prosecution. N.H. was convicted of the first-degree robbery charge, and the trial court sentenced him to life imprisonment without the possibility of parole. N.H. appealed the conviction and the sentence; Norris represented N.H. in that appeal. The Court of Criminal Appeals affirmed N.H.’s conviction by an unpublished memorandum.
In his complaint, N.H. alleges that Vick-ers and Norris committed legal malpractice in representing him at trial and on appeal, respectively. According to the allegations set forth in his complaint, N.H. was an informant who made arranged narcotics purchases for a “vice and narcotics” unit. N.H. alleges that he was working as an informant when the robbery for which he was ultimately convicted took place. N.H. alleges that during the course of the first-degree-robbery trial Vickers did not present to the jury any evidence indicating that he was acting as an informant at the time of the robbery.
N.H. alleges that when he filed the appellate brief Norris had failed to preserve the claim of ineffective assistance of trial counsel in a postjudgment motion filed in the trial court. N.H. alleges that if Norris had properly preserved the claim then “the appellate court would have reversed [the] trial court’s judgment on appeal due to trial counsel's] ineffectiveness.” N.H. alleged that the two defendants’ legal malpractice resulted in his incarceration which, in turn, caused him to suffer emotional distress. He sought $2,400 in compensatory damages and $2,400 in punitive damages from each of Vickers and Norris.
According to N.H., on April 30, 2002, in compliance with the trial court’s April 4, 2002, order, he presented the prison’s mail clerk with a “Motion for Entry of Default” and a “Motion to Compel Interrogatories.” The record on appeal contains a certificate of mailing sent to the Montgomery courthouse c/o Melissa Rittenour and a certified-mail receipt sent to the Montgomery County courthouse. The address on both documents reads “251 S. Lawrence, Montgomery, AL., 36104,” with N.H. listed on the return address. The certificate and the receipt are marked with the Montgomery Circuit Court docket number. The receipt and the certificate are both dated April 30, 2002.
The record on appeal contains N.H.’s April 30, 2002, motion seeking a default judgment against Vickers. The record on appeal also contains two civil summons for service of process. According to the return-service information on the summons, on September 18, 2001, the summons addressed to Vickers was served by a deputy *455 sheriff acting as a process server. The summons addressed to Norris does not have any return-service information indicating it was ever served.
On appeal, N.H.’s sole argument is that the trial court abused its discretion in dismissing his legal-malpractice claim because, he argues, the motion for a default judgment and the service of process should have been deemed timely filed.
In Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the United States Supreme Court held that a pro se prisoner-litigant’s notice of appeal was deemed filed on the day that notice was accepted by the prison mail system and not when it arrived at the court clerk’s office. This rule is referred to as the “mailbox rule” and was adopted by the Alabama Supreme Court in Ex parte Williams, 651 So.2d 569 (Ala.1992)(holding that a pro se prisoner’s petition for a writ of certiorari directed to the Alabama Court of Criminal Appeals under Rule 25, Ala. R.App. P., was timely filed on the date that the petition was delivered to the prison officials for mailing). The “mailbox rule” governs the incarcerated pro se litigant’s notice of appeal in both criminal and civil cases. See Ex parte Jones, 773 So.2d 989 (Ala.1998) (an inmate’s notice of appeal was deemed filed on the date he gave it to prison authorities for mailing); Veteto v. Yocum, 793 So.2d 814 (Ala.Civ.App.2001) (extending to civil cases the rule that a pro se prisoner-litigant’s notice of appeal is deemed filed when that document is delivered to a prison official for mailing). The “mailbox rule” was incorporated into Rule 4(c), Ala. R.App. P., which states, in part,
“If an inmate confined in an institution and proceeding pro se files a notice of appeal in either a civil or a criminal ease, the notice will be considered timely filed if it is deposited in the institution’s internal mail system on or before the last day for filing.”
(Emphasis added.)
N.H. filed a motion for default judgment pursuant to Rule 55, Ala. R. Civ. P. While the Alabama Rules of Appellate Procedure have been amended to include the “mailbox rule,” no equivalent rule can be found in the Alabama Rules of Civil Procedure. There is no precedential caselaw extending the “mailbox rule,” as set forth in Rule 4(c), Ala. R.App. P., to filings in civil proceedings made pursuant to the Alabama Rules of Civil Procedure. Therefore, we cannot say that the trial court erred when it dismissed N.H.’s motion for a default judgment as untimely. The trial court’s order dismissing N.H.’s motion for a default judgment as untimely is affirmed.
N.H. also argues that service of process was properly performed. Rule 4.1(b) and (c), Ala. R. Civ. P., permit several appropriate methods of service of process. Rule 4.1(b), Ala. R. Civ. P., allows a party to serve an opponent by a designated process server. A second method of service of process is found in Rule 4.1(c)(1), Ala. R. Civ. P., pursuant to which a plaintiff may request that the clerk of the court serve an opposing party by certified mail. Finally, upon a motion to the court alleging that the defendant to be served is avoiding service of process, Rule 4.3(c), Ala. R. Civ. P., permits service by a publication conforming to the requirements of Rule 4.1(d), Ala. R. Civ. P.
In order for the trial court to have personal jurisdiction over a defendant, the plaintiff must have perfected service of process by giving notice to the defendant of the action being brought. Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d 880 (Ala.1983). “When the service of process on the defendant is contested as being improper or invalid, the bur *456 den of proof is on the plaintiff to prove that service of process was performed correctly and legally.” Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d at 884.
N.H. argues that the summons in the record on appeal is sufficient to show that Norris had notice that an action was being brought against him. It is unclear both from N.H.’s brief on appeal and from the record on appeal why Norris never received the summons. However, the record clearly indicates that for a period of eight months Norris was not served. It is also clear that the trial court ordered N.H. on April 4, 2002, to perfect notice on Norris by April 30, 2002, or that N.H.’s action against Norris would be dismissed. While N.H. attempted to file a motion for a default judgment in accordance with that order, he did not again attempt to perfect service of process on Norris. The Alabama Rules of Civil Procedure permit several forms of service of process; N.H. attempted only one of those methods and attempted that method only once. After the trial court’s April 4, 2002, order, N.H. made no additional effort to perfect service on Norris. The fact that N.H. was proceeding pro se is irrelevant; it is well established that parties acting pro se should be held to the same standard as are parties represented by counsel. Boros v. Baxley, 621 So.2d 240 (Ala.1993). We cannot say the record on appeal is sufficient to overturn the trial court’s judgment. That portion of the May 2, 2002, order dismissing N.H.’s action against Norris is affirmed.
AFFIRMED.
THOMPSON, J., concurs.
YATES, P.J., and PITTMAN and MURDOCK, JJ., concur in the result.
CRAWLEY, J., concurs in part and dissents in part.