ORDER
Joe Louis Spencer appeals the circuit court’s denial of his motion for reconsideration of his sentence filed pursuant to § 13A-5-9.1, Ala. Code 1975. In his certificate of service to the district attorney, Spencer stated that the motion for reconsideration was being mailed on March 6, 2014. The motion, however, was not received and filed by the Escambia Circuit Clerk’s office until March 23, 2015. On March 27, 2015, the circuit court entered an order denying Spencer’s motion, stating that § 13A-5-9.1, Ala.Code 1975, had been repealed with the effective date of March 13, 2014. Spencer filed a motion to reconsider the circuit court’s denial, arguing that he was entitled to have the mailbox rule applied to his pleading, which required that his filing be deemed filed on March 6, 2014, when he placed the motion in the prison mail and before the statute was repealed.
*198 On appeal, Spencer argues that the circuit court erred in denying his motion and that he was entitled to have his motion deemed filed on March 6, 2014, when, according to Spencer, he placed it in the prison mail. The State contends that Spencer was not entitled to the application of the mailbox rule.
In the case of prisoner’s pro se pleadings the date the pleading is filed in the clerk’s office is not necessarily controlling. In Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the United States Supreme Court developed the “prisoner mailbox rule,” which provides that a prisoner’s pro se pleading is deemed to have been filed at the time it is delivered to the proper prison authorities to be forwarded to the clerk of the court. The Alabama Supreme Court has adopted the prisoner mailbox rule and extended it to notices of appeal, Rule 32 petitions, and petitions for writ of certiorari to the Alabama Supreme Court. See generally, Ex parte Jones, 773 So.2d 989 (Ala.1998) (notice of appeal); Ex parte Williams, 651 So.2d 569 (Ala.1992) (petition for writ of certiorari): Holland v. State, 621 So.2d 373 (Ala.Crim.App.1993) (Rule 32 petition). Further, in order to receive the benefits of the prisoner mailbox rule, the inmate must use the confining institution’s system for legal mail and prove in some way the date that the pleading was deposited into the institution’s mail system. See Rule 4(c), Ala. R.App. P. (stating that a notarized statement may serve as proof); Ex parte Wright, 860 So.2d 1253, 1257 (Ala.2002) (holding that a notarized statement is just one way in which to prove the date the pleading was deposited in the mail). The mailbox rule, however, has generally only been applied to time-sensitive pleadings. Alabama courts have declined to extend the mailbox rule to filings that do not have time requirements. Allen v. State, [825 So.2d 264 (Ala.Crim.App.2001)]; Ex parte Allen, 825 So.2d 271 (Ala.2002)(declining to extend the rule to supplemental pleadings under Rule 32 where no deadlines had been imposed). The mailbox rule is not automatically required simply because a pro se inmate is involved in litigation. See N.H. v. Vickers, 865 So.2d 452 (Ala.Civ.App.2003)(mailbox rule did not apply to prisoner’s filings in civil proceedings under civil procedure rules).
Before it was repealed § 13A-5-9.1, Ala. Code 1975, did not have a filing limitation. Based on the decisions of the Alabama courts and because § 13A-5-9.1 did not impose any time requirements for petitions filed pursuant to that statute, we decline to extend the mailbox rule to motions for sentence reconsideration filed pursuant to § 13A-5-9.1. As such, Spencer’s motion was deemed filed on March 23, 2015, when it was received and filed in the clerk’s office. Act 2014-165, Alabama Acts, repealed § 13A-5-9.1, Ala.Code 1975, and became effective March 13, 2014. The Act also provides that “[a]ny case, on the effective date of this act, in which a motion filed pursuant to Section 13A-5-9.1, Code of Alabama 1975, is pending in the trial court or is subject to appeal from the denial or dismissal of a motion shall not be affected by this act.” The motion to reconsider filed in this case was not filed until March 2015, approximately a year after the effective date of Act 2014-166.
As of March 13, 2014, there is no vehicle for the circuit court to obtain jurisdiction of a motion to reconsider a sentence that is filed more than 30 days after a defendant’s sentence has been pronounced. “The trial judge lost all jurisdiction to modify the original sentence 30 days after its imposition.” Massey v. State, 587 So.2d 448, 449 (Ala.Crim.App.1991). A void judgment will not support an appeal. See Carpenter v. State, 782 So.2d 848 (Ala.Crim.App. *199 2000). Accordingly, this appeal is DISMISSED.
WINDOM, PX and WELCH, KELLUM, and JOINER, JJ., concur. BURKE, J., dissents, with opinion.