BURKE, Judge,
dissenting.
I respectfully dissent from the majority’s order dismissing Joe Louis Spencer’s appeal based on its determination that the circuit court did not have jurisdiction to deny Spencer’s motion for reconsideration of his sentence filed pursuant to § 13A-5-9.1, Ala.Code 1975. In reaching this determination, the majority has declined to extend the “prisoner-mailbox rule” to such motions for sentence reconsideration.
Section 13A-5-9.1 was repealed by Act No. 2014-165, p.‘ 472, § 1, Ala. Acts 2014, effective March 13, 2014. In repealing that section, the legislature provided that the act was prospective only and stated: “Any case, on the effective date of this act [March 13, 2014], in which a motion filed pursuant to Section 13A-5-9.1, Code of Alabama 1975, is pending in the trial court or is subject to an appeal or pending in an appellate court on appeal from the denial or dismissal of a motion shall not be-affected by this act.” Act No. 2014-165, p. 472, § 2.
Spencer’s motion was received by and filed in the circuit clerk’s office on March 23, 2015. However, in the certificate of service on his petition, Spencer stated that he had placed the motion iii the prison mailbox on March 6, 2014, seven days before the repeal of § 13A-5-9.1.
In Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the United States Supreme Court created the “prisoner-mailbox rule” in order to protect the rights of incarcerated pro se inmates. Noting the unique circumstances of incarcerated litigants, the Court held that a prisoner’s notice of appeal was deemed to be “filed” when he “delivered it to the prison authorities for forwarding to the court clerk.” Id. at 276, 108 S.Ct. at 2385. As noted by the majority, Alabama courts have adopted the prison-mailbox rule and extended it to Rule 32 petitions, notices of appeal, and petitions for a writ of certiora-ri to the Alabama Supreme Court. See generally, Ex parte Jones, 773 So.2d 989 (Ala.1998) (notice of appeal); Ex parte Williams, 651 So.2d 569 (Ala.1992) (petition for writ of certiorari); Holland v. State, 621 So.2d 373 (Ala.Cr.App.1993) (Rule 32 petition).
The majority also noted that Alabama courts have refused to extend the prisoner-mailbox rule to filings that do not have a time requirement. See Ex parte Allen, 825 So.2d 271 (Ala.2002) (declining to extend the rule to supplemental pleadings under Rule 32 where no deadlines had been imposed); N.H. v. Vickers, 865 So.2d 452 (Ala.Civ.App.2003) (mailbox rule did not apply to prisoner’s filings in civil proceedings under civil procedure rules). In declining to extend the mailbox rule to motions for sentence reconsideration, the majority correctly .points out that, “[b]e-fore it was repealed, § 13A-5-9.1, Ala. Code 1975, did not have a filing limitation.” Accordingly, those motions were not time sensitive, and . the. prisoner-mailbox- rule would have had no application..
However, by repealing § 13A-5-9.1 and stating that any motions filed prior to the effective date of its repeal would not be affected by its repeal, the Legislature effectively placed a time limitation on motions for sentence reconsideration. Thus, I find the present situation distinguishable from those described in Ex parte Allen and Vickers, supra. Accordingly, I would apply the prisoner-mailbox rule to the present case and therefore disagree with the majority’s conclusion that the circuit *200 court did not háve jurisdiction to rule on Spencer’s motion.
Based on the foregoing, I would remand the present case to the circuit court with instructions that it rule on Spencer’s motion.