MURDOCK, Justice.
We granted this petition for a writ of certiorari to address whether the “prison-mailbox rule” applies to a motion for sentence reconsideration under Ala. Code 1975, § 13A-5-9.1, once the repeal of the statute effectively placed a time limitation on such motions. We determine that the prison-mailbox rule does apply, and we reverse the judgment of the Court of Criminal Appeals and remand the case for further proceedings.
I. Proceedings Below
Joe Louis Spencer filed a motion for sentence reconsideration under Ala. Code 1975, § 13A-5-9.1, and Kirby v. State, 899 So.2d 968 (Ala.2004). The motion stated that it was deposited in the prison-system mailbox on March 6, 2014; however, the motion was not received and filed in the circuit clerk’s office until March 23, 2015.
On March 27, 2015, the circuit court denied Spencer’s motion because it was “filed” after March 13, 2014, the effective date of Act No. 2014-165, Ala. Acts 2014, *201 which repealed § 13A-5-9.1 for all cases in which a sentence-reconsideration motion was not then pending.[1] Spencer filed a motion to reconsider the circuit court’s order, arguing that he was entitled to the benefit of the “mailbox rule,” which would deem his motion filed on March 6, 2014, the date it was placed into the prison mail system. Spencer’s motion to reconsider was denied,[2] and Spencer appealed.
The Court of Criminal Appeals dismissed Spencer’s' appeal by an order, noting that § 13A-5-9.1 had been repealed effective March 13, 2014, and concluding that there is now no vehicle by which a circuit court can reconsider Spencer’s sentence. The Court of Criminal Appeals held that the prison-mailbox rule applies only to “time-sensitive” pleadings and does not apply to motions for sentence reconsideration because, it reasoned, such motions do not have a time limitation.
The Court of Criminal Appeals’ order stated, in pertinent part:
“The mailbox rule ... has generally only been applied to time-sensitive pleadings. Alabama courts have declined to extend the mailbox rule to filings that do not have time requirements. Allen v. State, [825 So.2d 264 (Ala.Crim.App.2001)]; Ex parte Allen, 825 So.2d 271 (Ala.2002) (declining to extend the rule to supplemental pleadings under Rule 32[, Ala. R. Crim. P.,] where no deadlines had been imposed).”
Spencer v. State, 224 So.3d 197, 198 (Ala.Crim.App.2015).
In his dissent to the Court of Criminal Appeals’ order, Judge Burke stated:
“I respectfully dissent from the majority’s order dismissing Joe Louis Spencer’s appeal based on its determination that the circuit court did not have jurisdiction to deny Spencer’s motion for reconsideration of his sentence filed pursuant to § 13A-5-9.1, Ala. Code 1975. In reaching this determination, the majority has declined to extend the ‘prisoner-mailbox rule’ to such motions for sentence reconsideration.
“Section 13A-5-9.1 was repealed by Act No. 2014-165, p. 472, § 1, Ala. Acts 2014, effective March 13, 2014. In repealing that section, the legislature provided that the act was prospective only and stated: ‘Any case, on the effective date of this act [March 13, 2014], in which a motion filed pursuant to Section 13A-5-9.1, Code of Alabama 1975, is pending in the trial court or is subject to an appeal or pending in an appellate court on appeal from the denial or dismissal of a motion shall not be affected by this act.’ Act No. 2014-165, p. 472, § 2.
“Spencer’s motion was received by and filed in the circuit clerk’s office on March 23, 2015. However, in the certificate of service on his petition, Spencer stated that he had placed the motion in the prison mailbox on March 6, 2014, seven days before the repeal of § 13A-5-9.1.
*202 “In Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the United States Supreme Court created the ‘prisoner-mailbox rule’ in order to protect the rights of incarcerated pro se inmates. Noting the unique circumstances of incarcerated litigants, the Court held that a prisoner’s notice of appeal was deerhed to be ‘filed’ when he ‘delivered it to the prison authorities for forwarding to the court clerk.’ Id. at 276, 108 S.Ct. at 2385. As noted by the majority, Alabama courts have adopted the prisoner-mailbox rule and extended it to Rule 32[, Ala. R. Crim. P.,] petitions, notices of appeal, and petitions for a writ of certiorari to the Alabama Supreme Court.... .
“The majority also noted that Alabama courts have refused to extend the prisoner-mailbox rule to filings that do not have a time requirement. See Ex parte Allen, 825 So.2d 271 (Ala.2002) (declining to extend the rule to supplemental pleadings under Rule 32 where no deadlines had been imposed),... In declining to extend the mailbox rule to motions for sentence reconsideration, the majority correctly points out that, ‘[bjefore it was repealed, § 13A-5-9.1, Ala. Code 1975, did not have a filing limitation.’ Accordingly, those motions were not time sensitive, and the prisoner-mailbox rule would have had no application.
“However, by repealing § 13A-5-9.1 and stating that any motions filed prior to the effective date of its repeal would not be affected by its repeal, the Legislature effectively placed a time limitation on motions for sentence reconsideration. Thus, I find the present situation distinguishable from those described in Ex parte Allen and [N.H. v.] Vickers, [865 So.2d 452 (Ala.Civ.App.2003)]. Accordingly, I would apply the prisoner-mailbox rule to the present case and therefore disagree with the majority’s conclusion that the circuit court did not have- jurisdiction to rule on Spencer’s motion.”
Spencer, 224 So.3d at 199-200 (Burke, J., dissenting) (emphasis added).
II, Standard of Review
“This Court reviews pure questions of law in criminal cases de novo.” Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003). See also Sheffield v. State, 194 So.3d 911, 912 (Ala.2014) (applying a de novo standard of review when determining whether the Court of Criminal Appeals had jurisdiction to consider an appeal); Ex parte Walker, 152 So.3d 1247 (Ala.2014) (to same effect).
Ill Analysis
Spencer asserts that the Court of Criminal Appeals’ decision' conflicts with Ex parte Allen, 825 So.2d 271 (Ala.2002), regarding the principle .that the mailbox rule applies, “to prisoner filings when a time deadline- is involved.” Specifically, Spencer contends that the repeal of § 13A-5-9.1 “created a time deadline for filing” and that the Court of Criminal Appeals’ order failed to recognize that fact. Id.
In Allen, this Court stated:
' “Alabama courts' have held that a pro se incarcerated petitioner/appellant is considered to have ‘filed’ a Rule 32[, Ala. R. Crim. P.,] petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing".,,. Alabama courts have also applied the mailbox rule to a Rule 32 amendment when time deadlines have been imposed by the trial court for filing such an amendment.... However, we have not ruled on whether the mailbox rule applies to suppleniental *203 filings associated with Rule 32 petitions where no deadline is imposed on those filings other than that they must be filed before the entry of a final judgment.”
825 So.2d at 272-73.
The Allen Court stated that it was “cognizant of the policy concerns outlined” in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).[3] 825 So.2d at 273. Allen held, however, that the prison-mailbox rule would not be extended to the filing of an amendment or a supplement to a Rule 32, Ala. R. Crim. P., petition where the trial court had not established a deadline for such a filing.
The issue in this case is whether the repeal of § 13A-5-9.1 created a deadline or .a time limitation that warrants the application of the prison-mailbox rule to a motion for sentence reconsideration. The order issued by the Court of Criminal Appeals summarily concluded that the prison-mailbox rule did not apply because, it said, “§ 13A-5-9.1 did not impose any time requirements.” 224 So.3d at 198. However, the order did not adequately address the time requirement effectively imposed by the repeal of § 13A-5-9.1. Judge Burke persuasively addressed that issue, concluding that the repeal of § 13A-5-9.1 created a deadline that did warrant application of the prison-mailbox rule. Judge Burke stated:
“[B]y repealing § 13A-5-9.1 and stating that any motions filed prior to the effective date of its repeal would not be affected by its repeal, the Legislature effectively placed a time limitation on motions for sentence reconsideration. Thus, I find the present .situation distinguishable from those described in Ex parte Allen and [N.H. v.] Vickers, [865 So.2d 452 (Ala.Civ.App.2003)], Accordingly, I would apply the prisoner-mailbox rule to the present case and therefore disagree with the majority’s conclusion that the circuit court did not have jurisdiction to rule on Spencer’s motion.”
Spencer, 224 So.3d at 199-200 (Burke, J,, dissenting) (emphasis added),
We conclude that Judge Burke’s position is correct and that it is consistent with the compelling policy behind the judicially created prison-mailbox rule. See note 3, supra.[4] It is contradictory to conclude, as *204 does the Court of Criminal Appeals, that the prison-mailbox rule does not apply because there was no deadline in this case, but then to dismiss Spencer’s motion because he missed the deadline imposed by the repeal of § 13A-5-9.1. We hold that this case does indeed involve a deadline and that the prison-mailbox rule applies.[5]
IV. Conclusion
We reverse the decision of the Court of Criminal Appeals dismissing Spencer’s appeal, and we remand the cause to that court for the entry of an order consistent with' this opinion.
REVERSED AND REMANDED.
Bolin, Parker, Shaw, Main, Wise, and Bryan, JJ., concur.
Stuart, J., concurs in the result.

. The circuit court’s order provided:
“MOTION FOR RECONSIDERATION OF SENTENCE filed by SPENCER JOE LOUIS is hereby DENIED.
“According to Sec. 13A-5-9.1, Code of Alabama, cited by Defendant in his pleading, said Code Section was repealed by Act 2014-165, Sec, 1, effective March 13, 2014.”
(Capitalization in original.)

. The circuit court's order did not address the mailbox rule but simply stated: “MOTION TO RECONSIDER ORDER DENYING MOTION FOR RECONSIDERATION OF SENTENCE filed by SPENCER JOE LOUIS ... is hereby DENIED.” (Capitalization in original.)

. The United States Supreme Court-explained those concerns as follows:
"The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30-day deadline. ... [T]he pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the pro se prisoner delivers his notice to the prison authorities, he can never be sure that it will ultimately get stamped 'filed’ on time Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access—the prison authorities—and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice.”
Houston, 487 U.S. at 270-72.

. In its brief to this Court, the State makes essentially no argument as to whether the repeal of § 13A-5-9.1 creates a time limitation or deadline warranting application of the prison-mailbox rule. Instead, the State argues (1) that the writ should be quashed because there was "no issue worthy of extraordinary relief by writ of certiorari” and (2) that there is no credible basis for. believing that Spencer’s'motion for sentence reconsideration was placed in the prison mail system more than •.one year before it was received by the circuit clerk. The latter issue is .not before us because *204 Spencer did not have an opportunity to prove his entitlement to the prison-mailbox rule and the circuit court did not make any findings of fact as to whether Spencer complied with the requirements for application of that rule.

. Although we conclude that the prison-mailbox rule applies to the circumstances presented here, it remains for Spencer to prove on remand that- he did deposit his motion in the prison mail system on March 6, 2014, as he alleges, and that he complied with all applicable requirements. See Rule 4(c), Ala. R. App. P.; Ex parte Wright, 860 So.2d 1253 (Ala.2002).