On Remand from the Alabama Supreme Court
WELCH, Judge.
Joe Louis Spencer filed a motion for sentence reconsideration under § 13A-5-9.1, Ala. Code 1975, and Kirby v. State, 899 So.2d 968 (Ala. 2004). The motion stated that it was deposited in the prison-system mailbox on March 6, 2014. The motion was not received by and filed in the circuit clerk’s office until March 23, 2015. On March 27, 2015, the circuit court denied Spencer’s motion because it was “filed” after March 13, 2014, the effective date of Act No. 2014-165, Ala. Acts 2014, which repealed § 13A-5-9.1, Ala. Code 1975, for all cases in which a motion to reconsider sentence was not then pending. Following the circuit court’s ruling, Spencer filed a motion to reconsider the ruling in which he argued that he was entitled to the benefit of the “mailbox rule,” which would deem his motion filed on March 6, 2014, when he placed the motion in the prison mail. Spencer’s motion for the court to reconsider its ruling was denied.
On appeal, Spencer argued that the circuit court erred in denying his motion and that he was entitled to have his motion deemed filed on March 6, 2014, when, according to Spencer, he placed it in the prison mail. On December 18, 2015, this Court, by order, dismissed Spencer’s appeal, concluding that the mailbox rule did not apply to motions for sentence reconsid *205 eration because § 13A-5-9.1, Ala. Code 1975, did not impose any time requirements and that, therefore, Spencer’s motion was not deemed filed until after the effective date of Act No. 2014-165. Thus, we held, the circuit court did not have jurisdiction to rule on Spencer’s motion to reconsider his sentence. Spencer v. State, 224 So.3d 197 (Ala. Crim. App. 2014)(Burke, J., dissenting). Spencer then petitioned the Alabama Supreme Court for certiorari review. On September 16, 2016, the Alabama Supreme Court reversed this Court’s judgment. Ex parte Spencer, 224 So.3d 200 (Ala. 2016).
The Alabama Supreme Court, in an opinion authored by Justice Murdock, held that the repeal of § 13A-5-9.1, Ala. Code 1975, created a deadline that did warrant application of the prison-mailbox rule. In note 5 of that opinion, however, the Alabama Supreme Court noted that although the prison-mailbox rule applies to Spencer’s case, “it remains for Spencer to prove on remand that he did deposit his motion in the prison mail system on March 6, 2014, as he alleges, and that he complied with all applicable requirements.” 224 So.3d at 204 n. 5.
In accordance with the directions of the Alabama Supreme Court, we reverse the circuit court’s order denying Spencer’s motion for sentence reconsideration, and we remand the case to the circuit court for proceedings consistent with the Alabama Supreme Court’s opinion in Ex parte Spencer, supra.
REVERSED AND REMANDED.
Windom, P.J., and Burke and Joiner, JJ., concur. Kellum, J., not sitting.